STATE OF NORTH CAROLINA v. ELLIS SUTTON, JR.

No. 7212SC245

(Filed 29 March 1972)

Narcotics § 4— heroin found in motel — possession of manager

The State's evidence was sufficient to be submitted to the jury on the issue of defendant's guilt of possession of heroin where it tended to show that officers found heroin in an unrented room and in a storage room of a motel managed by defendant, and that defendant told officers that he knew about the dope being in the motel but that it wasn't his, the evidence being sufficient for the jury to find that the heroin was subject to the dominion and control of defendant.

ON *certiorari* to review the order of *Bailey, Judge,* at the 18 May 1971 Session of Superior Court held in CUMBERLAND County.

Defendant was tried on a bill of indictment charging that on 25 August 1970 he did have in his possession and under his control a quantity of narcotic drugs, to wit, heroin. From judgment imposing a five-year prison sentence, defendant gave notice of appeal. Defendant was unable to perfect his appeal within the time allowed and this Court granted his petition for certiorari.

*Attorney General Robert Morgan by Associate Attorney Ronald M. Price for the State.*

*Rose, Thorp and Rand by Anthony E. Rand for defendant appellant.*

VAUGHN, Judge.

Defendant's counsel cogently contends that the court erred in failing to allow his motion for nonsuit. The evidence tends to show the following. At the time of defendant's arrest he was the manager of the Crestview Motel in Fayetteville. On the date of the alleged offense law enforcement officers in their search of an unrented room and a storage room in the motel, discovered an assortment of narcotic drugs, including the drug heroin, along with measuring spoons, rubber bands and syringes. Part of the drugs were concealed in a bedpost. Part of the testimony of Agent Windham of the State Bureau of Investigation is as follows:

> "I asked Mr. Sutton about dope being in the motel and he said he knew it was in the motel, but it wasn't his. I asked him if that was the dope he was referring to when he said he knew dope was in the hotel and he said he knew it was there but it wasn't his. I asked him whose it was and he made no answer."

Defendant had previously been advised of his constitutional rights. He also told Agent Windham that the motel was used for prostitution and gambling and that he had seen people with "the needle" in their arms.

Defendant testified that he was the manager of the motel and had four people working for him who had access to the motel rooms. He contended that although he had seen people using the drugs in the motel, the drugs did not belong to him. Defendant admitted that "we gamble there" and that the rooms

were rented for prostitution. Defendant denied that the rooms were rented for people who wanted to "shoot-up" heroin but did admit that the same rooms would be rented to several different guests on the same night. Although the motel had only 30 rooms, defendant had made as many as 106 different rentals in one night. Defendant testified that he had run people out of the motel when he caught them using drugs and that he had cooperated with law enforcement officers in an effort to keep drugs out of the motel.

When all the evidence is considered in the light most favorable to the State and with every reasonable inference therefrom given to the State, we are of the opinion that the court properly overruled defendant's motion to nonsuit. Defendant's statements to the officers, along with the other circumstances revealed by the evidence, were sufficient to allow the jury to reasonably conclude that defendant was aware of the unlawful presence of the drugs which were seized. The drugs were cached in a storage room and an unrented motel room and thus subject to the dominion and control of defendant. That others may also have had access to the drugs does not exonerate defendant. The State is not required to prove sale and exclusive possession or control.

We find no merit in defendant's remaining assignments of error wherein he contends that the court failed to properly explain "constructive possession."

No error.

Judges BROCK and HEDRICK concur.