STATE OF NORTH CAROLINA v. ROBERT EARL BAXTER, JR.

No. 4

(Filed 10 October 1974)

1. Narcotics § 4— marijuana in apartment — constructive possession — sufficiency of evidence

The State's evidence was sufficient for submission to the jury on the issue of defendant's guilt of possession of marijuana with intent to distribute where it tended to show that 16 small envelopes containing 219 grams of marijuana were found in a search of an apartment in which only defendant and his wife lived, that the packaged marijuana was found in a dresser drawer beneath undercloth-ing of a male person, that a man's coat with an envelope containing marijuana in its pocket was found in the closet of the bedroom, that no one other than defendant's wife was in the apartment at the time of the search, and that a box of unused cigarette papers, 28 small, empty envelopes similar to those containing the marijuana and a roll of transparent cellophane tape of a type used in the marijuana trade to seal packages were found in the bedroom.

2. Narcotics § 4— possession defined

An accused has possession of marijuana within the meaning of the Controlled Substances Act when he has both the power and the intent to control its disposition or use, which power may be in him alone or in combination with another, constructive possession being sufficient.

3. Narcotics § 4— narcotics in apartment — wife present — husband's possession

Nothing else appearing, a man residing with his wife in an apart-ment, no one else residing or being present therein, may be deemed in constructive possession of marijuana located therein, notwithstand-ing the fact that he is temporarily absent from the apartment and his wife is present therein.

**4. Criminal Law § 116— defendants' failure to testify — incomplete instruction**

Trial court's instruction that defendants "did not offer any evidence as they have the right to do" constituted prejudicial error where the court failed to instruct the jury further that the failure of defendants to offer evidence should not be considered against them.

Chief Justice BOBBITT not sitting.

Justice HUSKINS dissenting.

ON *certiorari* to the Court of Appeals to review its decision, reported in 21 N.C. App. 81, 203 S.E. 2d 93, reversing in part and finding no error in part in the judgment of *Clark, J.,* at the June 1973 Session of DURHAM.

By separate indictments, the defendant was charged with possession of marijuana with intent to distribute and with the manufacture of marijuana. In the Superior Court he was found guilty of both offenses and sentenced to imprisonment for terms of four to five years and one to five years, respectively, the sentences to run consecutively. His wife, similarly charged and tried with him, was found guilty of possession of marijuana. She did not appeal.

Upon the appeal by the defendant, the Court of Appeals reversed the judgment of the Superior Court upon the charge of manufacturing and found no error in the conviction and sentence for possession with intent to distribute marijuana. Both the State and the defendant petitioned for certiorari. The petition of the State was denied, that of the defendant allowed.

At the trial in the Superior Court, the defendant offered no evidence. That for the State was to the following effect:

Pursuant to a properly issued and served search warrant, police officers went to and searched the apartment in which the defendant and his wife had lived alone for approximately three years. At the time of the search, the defendant's wife was alone in the apartment. The defendant had not been seen at the apartment by the officers during the preceding week but there was no evidence that he no longer resided there. [The affidavit upon which the search warrant was issued (not introduced in evidence) stated that the informer, who did not testify at the trial, observed the defendant in the apartment on the day of the search.] The searching officers found 16 small envelopes, which contained a total of 219 grams of marijuana, in two drawers of a dresser in the bedroom under a quantity of underclothing,

male and female. Also in these dresser drawers were letters addressed to the defendant and his wife. The officers also found in the same bedroom bags containing marijuana seed, another small envelope containing marijuana in the pocket of a man's coat hanging in the closet, a box of unused cigarette papers, 28 small, empty envelopes similar to those containing the marijuana and a roll of transparent cellophane tape of a type used in the marijuana trade to seal packages. The defendant had not worked for approximately four to six months prior to his arrest. His wife was employed.

*Robert Morgan, Attorney General, and Charles M. Hensey, Assistant Attorney General, for the State.*

*Blackwell M. Brogden for defendant.*

LAKE, Justice.

[1] There was no error in the denial of the defendant's motion for judgment of nonsuit as to the charge of possession with intent to distribute marijuana. As the defendant concedes in his brief in the Court of Appeals:

> "In the case at bar, all of the evidence points inescapably [to the conclusion] that one or both of the defendants had 219 grams of marijuana, if the State's evidence is to be believed. * * * The physical evidence discovered by the officers, that is, the envelopes, the scotch tape and cigarette paper would give a reasonable inference as to the element of the intent to distribute."

The uncontradicted evidence is that the defendant, his wife, and no one else, lived in the apartment, that underclothing of a male person was found in a dresser drawer, that the packaged marijuana was found beneath it, that a man's coat with an envelope containing marijuana in its pocket was found in the closet of the bedroom and that no one other than the defendant's wife was in the apartment at the time of the search.

It is elementary that upon consideration of a motion for judgment of nonsuit the evidence for the State is deemed to be true and the State is entitled to all reasonable inferences which may be drawn therefrom. Strong, N. C. Index 2d, Criminal Law, § 104 and cases there cited.

[2, 3] As is true with reference to the possession of intoxicating liquor, an accused has possession of marijuana within the

meaning of the Controlled Subtances Act, G.S. Chapter 90, Art. V, when he has both the power and the intent to control its disposition or use, which power may be in him alone or in combination with another. *State v. Fuqua*, 234 N.C. 168, 66 S.E. 2d 667. Constructive possession is sufficient. *State v. Meyers*, 190 N.C. 239, 129 S.E. 600. Nothing else appearing, a man residing with his wife in an apartment, no one else residing or being present therein, may be deemed in constructive possession of marijuana located therein, notwithstanding the fact that he is temporarily absent from the apartment and his wife is present therein. See: *State v. Spencer*, 281 N.C. 121, 129, 187 S.E. 2d 779; *State v. Harvey*, 281 N.C. 1, 12, 187 S.E. 2d 706; *State v. Allen*, 279 N.C. 406, 410, 183 S.E. 2d 680. The jury could reasonably infer an intent to distribute from the amount of the substance found, the manner in which it was packaged and the presence of other packaging materials. There was clearly no error in the denial of the motion for judgment of nonsuit as to the charge of possession with intent to distribute.

[4]    After reviewing the evidence for the State in his instructions to the jury, the trial judge said:

> "The defendants, Robert Baxter and Alveta Baxter, did not offer any evidence as they have the right to do."

There was no request for an instruction concerning the failure of the defendant to offer evidence. There was no other statement in the charge with reference thereto. The statement by the court is susceptible of two interpretations: (1) The defendant had the right not to offer any evidence and did not do so; or (2) he had the right to offer evidence and did not do so. In either view of the statement it was correct, both in law and in fact, but it was an incomplete statement of the pertinent rule of law and constituted prejudicial error.

In the absence of a request for an instruction on the point, it was not necessary for the court to refer to the failure of the defendant to offer evidence and, indeed, it would have been better to have made no reference at all to this circumstance. See: *State v. Barbour*, 278 N.C. 449, 457, 180 S.E. 2d 115; *State v. Jordan*, 216 N.C. 356, 364-366, 5 S.E. 2d 156. While it was not error for the court, in the absence of a request by the defendant, to instruct the jury correctly and completely on this point, any instruction thereon is incomplete and prejudicially erroneous unless it makes clear to the jury that the defendant has the

State v. Baxter

right to offer or to refrain from offering evidence as he sees fit and that his failure to testify should not be considered by the jury as basis for any inference adverse to him. In *State v. McNeill,* 229 N.C. 377, 379, 49 S.E. 2d 733, Justice Denny, later Chief Justice, speaking for the Court, said:

> "[W]e wish to call attention to the fact that the failure of a defendant to go upon the witness stand and testify in his own behalf should not be made the subject of comment, except to inform the jury that a defendant may or may not testify in his own behalf as he may see fit, *and his failure to testify 'shall not create any presumption against him.'* G.S. 8-54." (Emphasis added.)

The language of the pertinent portion of G.S. 8-54 concerning this matter is as follows:

> "In the trial of all indictments, complaints, or other proceedings against persons charged with the commission of crimes, offenses or misdemeanors, the person so charged is, at his own request, but not otherwise, a competent witness, *and his failure to make such request shall not create any presumption against him."* (Emphasis added.)

While it is entirely clear to us that by this instruction the learned trial judge intended to tell the jury that the failure of the defendant to offer evidence should not be considered against him, the jury, not being so well acquainted with this fundamental principle of law, may not so have understood the instruction. For this inadvertent error of omission, there must be a new trial.

New trial.

Chief Justice BOBBITT not sitting.

Justice HUSKINS dissenting.

G.S. 1-180 requires the judge to explain the law but give no opinion on the facts. The purpose of the statute is to secure the right of every litigant to have his cause considered by an impartial judge and an unbiased jury. *State v. Canipe,* 240 N.C. 60, 81 S.E. 2d 173 (1954). The statute is mandatory and a violation of it is prejudicial error. *Therrell v. Freeman,* 256 N.C. 552, 124 S.E. 2d 522 (1962).

---

State v. Baxter

---

The charge in every criminal case ordinarily contains a recapitulation of the State's evidence and contentions followed by a recapitulation of the defendant's evidence and contentions. Here, after reviewing the State's evidence the trial judge said: "The defendants, Robert Baxter and Alveta Baxter, did not offer any evidence as they have the right to do." The majority awards this defendant a new trial on the ground that the instruction was an incomplete statement of the pertinent rule of law and constituted prejudicial error because the jury may have understood the statement to mean that the failure of the defendant to offer evidence was a circumstance to be considered against him. I respectfully dissent. I would affirm defendant's conviction on the ground that the instruction complained of was harmless error beyond a reasonable doubt.

The test of harmless error is whether there is a reasonable possibility that the error complained of might have contributed to the conviction. *Fahy v. Connecticut,* 375 U.S. 85, 11 L.Ed. 2d 171, 84 S.Ct. 229 (1963). It is highly unlikely that the statement by the able trial judge was considered by the jury as anything other than a statement that defendants had offered no evidence and therefore there was nothing for the court to summarize and bring into focus for consideration by the jury. In all events, when considered in the context in which it was used the statement had no prejudicial effect on the result of the trial and was therefore harmless. *State v. Perry,* 231 N.C. 467, 57 S.E. 2d 774 (1950). While it would have been better, as stated in *State v. Barbour,* 278 N.C. 449, 180 S.E. 2d 115 (1971), to have given no instruction whatever concerning defendants' failure to testify or offer evidence unless such an instruction is requested by defendant, I perceive nothing in the instruction given which would prejudice a mind of ordinary firmness and intelligence.

For the reasons stated I vote to affirm the decision of the Court of Appeals reversing defendant's conviction for the manufacture of marijuana and upholding his conviction and sentence for possession with the intent to distribute marijuana.