STATE OF NORTH CAROLINA v. JOAN LOFTON

No. 798SC237

(Filed 3 July 1979)

1. **Constitutional Law § 67— confidential informant—defendant not entitled to name**

In a prosecution of defendant for manufacturing marijuana and possession of marijuana and heroin, defendant was not entitled to the name of a confidential informant when she presented no evidence to support her contention that no confidential informant existed and that information contained in a search warrant was obtained solely as a result of an earlier search by police officers.

2. **Searches and Seizures § 43— motion to suppress evidence—denial proper**

Defendant was not entitled to have evidence seized from her apartment suppressed on the grounds: (1) that the affidavit was not truthful in that the affiant did not receive his information from a confidential informant, where the court's finding to the contrary was supported by the evidence, or (2) that there was no probable cause to search defendant's apartment when the only information received was that there was marijuana on the balcony, an area over which defendant did not have exclusive control, since the affidavit presented to the magistrate was sufficient to supply probable cause to believe that defendant had the power and intent to control the disposition of the drug.

3. **Narcotics § 4— marijuana growing on balcony—drugs and paraphernalia in apartment—sufficiency of evidence of possession**

In a prosecution for manufacturing marijuana and possession of marijuana and heroin, evidence was sufficient to be submitted to the jury where it tended to show that marijuana plants were growing on defendant's balcony; there were only two means of access to defendant's balcony, one through her apart-

ment and one through an unoccupied apartment; there was no indication that anyone other than defendant used the balcony; heroin was found on defendant's kitchen table; defendant was present in the apartment with only one other person, the codefendant; and several needles and syringes were found in defendant's dresser drawer.

APPEAL by defendant from *Cowper, Judge.* Judgments entered 10 November 1978 in Superior Court, WAYNE County. Heard in the Court of Appeals 12 June 1979.

Defendant was indicted on charges of feloniously manufacturing a controlled substance, marijuana, possession of marijuana and felonious possession of heroin. Defendant was tried and found guilty on each count. From judgments imposing prison sentences, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Douglas A. Johnston, for the State.*

*Hulse & Hulse, by Herbert B. Hulse, for defendant appellant.*

VAUGHN, Judge.

Prior to trial, defendant made a motion to suppress the evidence seized in a search of her apartment pursuant to a search warrant. Defendant claims that the warrant was invalid because there was no confidential informant as alleged in the affidavit and that the information contained in the affidavit resulted from an illegal search of defendant's premises.

Officer Johnson testified on *voir dire* that about 7:00 p.m. on 27 June 1978, he met with a confidential informer who told him that he had been at defendant's apartment a couple of days before and had seen about thirty marijuana plants on her balcony. The informer told Johnson that he had spent time in prison for marijuana. He had previously supplied Johnson with information leading to the arrest of another person which information proved to be true. After talking with the informant, Johnson went by defendant's apartment building and saw a green planter on a balcony but he could not tell what was in it. In the affidavit supporting the search warrant, Johnson related this information. The warrant was signed by the magistrate at 2:40 p.m. on 28 June 1978 and Johnson served the search warrant at 3:30 p.m. He was accompanied by Deputies Stocks and Flowers. The search

resulted in the confiscation of marijuana plants found on defendant's balcony, heroin and several needles and syringes.

On cross-examination, Johnson testified that he had no knowledge about the defendant prior to talking to his informant. On the afternoon of 28 June, Johnson saw Deputies Stocks and Flowers at his home. He had not talked with them about this case prior to that time nor had he asked them to check out defendant's premises. Stocks and Flowers never told Johnson that they had verified the presence of marijuana. Johnson asked Stocks and Flowers to aid him in the search because he had worked with them before.

Defendant presented the testimony of Deputy Stocks who stated that on the morning of 28 June 1978, he and Deputy Flowers went to see the real estate agent for defendant's apartment building. They accompanied the agent to an unoccupied apartment next door to defendant's residence. The apartments shared a common balcony with no dividing barricade. The deputies confirmed the presence of marijuana on the balcony. They never told Officer Johnson, however, that marijuana was there. Stocks testified on cross-examination that he had received information about the defendant from the same informer who spoke with Johnson. He talked to the informer several days prior to June 27 and told him to contact Johnson. The informer told Stocks on June 27 that Johnson had not taken any action. Stocks did not talk to Johnson until 28 June when he accompanied him on the search.

The court denied defendant's motion that the State divulge the name of the informant and denied her motion to suppress the evidence seized.

[1] Defendant contends that the name of the confidential informant should have been divulged because the fact that the deputies inspected the balcony prior to the issuance of the search warrant impugns the validity of the affidavit in support of that warrant. It is apparently defendant's theory that there was no informant and that the information contained in the warrant was solely obtained as a result of the earlier search. We find no merit in this argument because there is no evidence to support it. Defendant presents no evidence to contradict the State's evidence that information was obtained from a confidential informant. The trial

court found as a fact that the information was obtained from a confidential informant and the evidence supported this finding.

[2] Defendant also contends that the trial court erred in denying her pretrial motion to suppress the evidence obtained in the search. Defendant claims that the affidavit supporting the search warrant was not truthful and that the court should have suppressed the evidence seized pursuant to that warrant. We again find no error. The evidence on *voir dire* showed that Officer Johnson received his information from a confidential informant. Although Deputies Stocks and Flowers had visited the balcony, they did not relate their information to Johnson. The court found that Johnson received his information from a confidential informer and this finding was supported by the evidence.

Defendant also argues that the evidence should be suppressed because there was no probable cause to search defendant's apartment when the only information received was that there was marijuana on the balcony, an area over which defendant did not have exclusive control. The informant's information showed that he had seen marijuana growing on defendant's balcony. We find that the affidavit presented to the magistrate was sufficient to supply probable cause to believe that defendant had the power and intent to control the disposition of the drug. *State v. Wrenn*, 12 N.C. App. 146, 182 S.E. 2d 600, *appeal dismissed*, 279 N.C. 620, 184 S.E. 2d 113 (1971), *cert. den.*, 405 U.S. 1064 (1972). This assignment of error is overruled.

[3] Defendant contends that the court erred in denying her motion to dismiss. She argues that the evidence was insufficient to establish that she had control over the planter and over the matchbox containing heroin. Taking the evidence in the light most favorable to the State, we find that the evidence was sufficient to establish defendant's control over the contraband.

The evidence tends to show that defendant read the search warrant and allowed the officers to enter her apartment. A friend, the codefendant, was sitting at the kitchen table. Officer Johnson found forty-two marijuana plants growing in a planter attached to the metal frame of the balcony. The only access to the balcony was through defendant's apartment and the vacant one next door. On the kitchen table were two mixed drinks, an ashtray containing two marijuana cigarette butts, a penny match-

box containing three tinfoil packets, a cottonball and an empty tinfoil packet. Johnson found an envelope containing marijuana in the bedroom and also discovered some needles and syringes. The plants were analyzed and found to be marijuana. The powder in the tinfoil packets contained heroin. Defendant presented no evidence.

A person is deemed to have possession of contraband if he has the power and intent to control its disposition. *State v. Harvey*, 281 N.C. 1, 187 S.E. 2d 706 (1972). This power may be in him alone or with someone else. *State v. Baxter*, 285 N.C. 735, 208 S.E. 2d 696 (1974).

> "Where such materials are found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession. Also, the State may overcome a motion to dismiss . . . by presenting evidence which places the accused 'within such close juxtaposition to the narcotic drugs as to justify the jury in concluding that the same was in his possession.' " (Citations omitted.) *State v. Harvey, supra*, at 12-13; *State v. Balsom*, 17 N.C. App. 655, 195 S.E. 2d 125 (1973).

The fact that other persons also had access to contraband does not exonerate a defendant. *State v. Sutton*, 14 N.C. App. 161, 187 S.E. 2d 389, *cert. den.*, 281 N.C. 515, 189 S.E. 2d 35 (1972).

In this case, the evidence shows that there were only two means of access to the defendant's balcony, one through her apartment and one through an unoccupied apartment. There was no indication that anyone other than the defendant used the balcony. Furthermore, the heroin was found on defendant's kitchen table. Defendant was present in the apartment with only one other person, the codefendant. Several needles and syringes were found in defendant's dresser drawer. We find that this evidence was sufficient to warrant denial of defendant's motions to dismiss. *See State v. Davis*, 25 N.C. App. 181, 212 S.E. 2d 516 (1975). This assignment of error is overruled.

Defendant next assigns as error certain portions of the jury charge. She contends that the court erred in failing to apply the law to the substantive features of the case. Specifically, she

argues that the judge should have pointed out to the jury that at no time did the officers see defendant in close proximity to the heroin and that the balcony was equally accessible to the adjoining apartment. The judge had no such duty. Defendant also contends that the court erred in failing to explain the evidence as it applied to the charge of manufacturing marijuana which the court defined as the growing of marijuana with the intent to distribute to others. In this case, the evidence was simple and direct. The judge's instructions on constructive possession and manufacturing were sufficient. *See State v. Williams*, 290 N.C. 770, 228 S.E. 2d 241 (1976). We, therefore, have considered all of defendant's assignments of error and conclude that no prejudicial error has been shown.

No error.

Judges HEDRICK and ARNOLD concur.