STATE OF NORTH CAROLINA v. LOUIS C. ROSEBORO

No. 8114SC550

(Filed 15 December 1981)

**1. Constitutional Law § 67— identity of informant—refusal to reveal proper**
In a prosecution for five different drug related charges, the trial court did
not err in failing to disclose the identity of a confidential informer whose infor-
mation led to the issuance of a search warrant as the informer's information
was not the basis of defendant's conviction and defendant could not have used
the informer to counter the case made out against him.

**2. Narcotics § 4— possession—sufficiency of evidence**

The evidence was sufficient to convict defendant of possession of marijuana and cocaine where the evidence tended to show that law enforcement officers found both marijuana and cocaine in plain view in a bedroom, cocaine in the pocket of a suit in the bedroom closet, and marijuana in the water heater located in the kitchen of a house; that defendant was in the house; that his pants and wallet were lying on the bed in the bedroom where the marijuana and cocaine were found; and that a letter addressed to defendant and a savings book in his name were found on the headboard of the bed and in a closet of the bedroom. Defendant's possession can be based upon his control of the premises and upon the close juxtaposition of defendant to those drugs.

**3. Narcotics § 4— possession with intent to sell marijuana—sufficiency of evidence**

In a prosecution for possession with intent to sell marijuana, the evidence of the quantity of marijuana as well as the presence of drug paraphernalia including two sets of scales and an abundance of Ziploc bags, was sufficient for the charge to go to the jury.

**4. Narcotics § 4— manufacture of marijuana—sufficiency of evidence**

The evidence was sufficient for the issue of manufacturing marijuana to go to the jury under G.S. 90-87(15) where there was evidence of plastic bag corners, two sets of scales, and of Ziploc bags found with marijuana in a water heater.

APPEAL by defendant from *Braswell, Judge.* Judgments entered 19 January 1981 in Superior Court, DURHAM County. Heard in the Court of Appeals 10 November 1981.

Defendant was charged in five separate bills of indictment, proper in form, with (1) manufacture of marijuana; (2) felonious possession of marijuana, a Schedule VI controlled substance, with intent to sell; (3) felonious possession of more than 100 dosage units of cocaine, a Schedule II controlled substance; (4) felonious possession of cocaine with intent to sell; and (5) manufacture of cocaine. To all of these charges, defendant entered pleas of not guilty.

At trial, the State presented evidence tending to show that on 23 May 1980, law enforcement officers, with a warrant, searched a house at 705 Bacon Street in Durham and discovered a total of approximately 900 grams of marijuana, .35 grams of cocaine, and several items (pouch, scales, Ziploc bags, and bag corners) commonly associated with drug manufacture. Defendant, one of four persons present at the time the house was searched, was arrested and charged. Other evidence adduced at trial and

necessary for an understanding of this case will be set forth in the opinion.

Defendant was found guilty as charged on all counts except felonious possession of cocaine. On that count, he was found guilty of misdemeanor possession. From the imposition of active prison terms, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Lucien Capone III, for the State.*

*Elisabeth S. Petersen for defendant-appellant.*

HILL, Judge.

[1] Before the trial of this case, defendant made a motion that the State be ordered to disclose the identity of a confidential informer whose information led to the issuance of the search warrant for 705 Bacon Street. That motion was denied, and defendant now argues that the trial court's action violated his constitutional right to confront witnesses against him. We do not agree.

In *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed. 2d 639 (1957), the Supreme Court dealt with the question of revealing the name of an informer where petitioner had been charged with the sale of heroin to "John Doe," and the government refused to disclose John Doe's true identity. In reversing petitioner's conviction, the Court stated:

> We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

*Id.* at 62, 77 S.Ct. at 628-29, 1 L.Ed. 2d at 646. The *Roviaro* court held that disclosure is required when the informer participated in the alleged crime and, as a material witness, might have been helpful to the defense. The opinions of our courts have reflected the requirement that, where an informer participates in the al-

leged crime, the State must disclose the identity of the informer. *See, e.g., State v. Hodges*, 51 N.C. App. 229, 275 S.E. 2d 533 (1981).

In the instant case, the information provided by the confidential informer had no connection with the crimes with which defendant was charged. The informer's information provided the basis for the search warrant, but his allegation that he had purchased drugs from someone, possibly defendant, at 705 Bacon Street, was not introduced as evidence at the trial. That information was not, therefore, the basis of defendant's conviction. Simply put, the informer did not, as defendant argues, participate in the drug activities with which defendant was charged. We do not find that defendant could have used the informer to counter the case made out against defendant by the State. The trial court correctly denied defendant's motion to disclose the informer's identity.

[2] Defendant also assigns as error the trial court's denial of his motion for a directed verdict. He contends that the State failed to present sufficient evidence of defendant's possession of the two drugs, his intent to sell, or his manufacture of the drugs. We find that the State did present sufficient evidence on all charges and that the court did not err in denying defendant's motion for a directed verdict.

In *State v. Harvey*, 281 N.C. 1, 12-13, 187 S.E. 2d 706, 714 (1972), the Supreme Court discussed the question of possession of narcotics:

An accused's possession of narcotics may be actual or constructive. He has possession of the contraband material within the meaning of the law when he has both the power and intent to control its disposition or use. Where such materials are found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession. Also, the State may overcome a motion to dismiss or motion for judgment as of nonsuit by presenting evidence which places the accused "within such close juxtaposition to the narcotic drugs as to justify the jury in concluding that the same was in his possession." (Citations omitted.)

The fact that other persons also have access to contraband does not exonerate a defendant. *State v. Lofton*, 42 N.C. App. 168, 256 S.E. 2d 272 (1979); *State v. Sutton*, 14 N.C. App. 161, 187 S.E. 2d 389, *cert. denied*, 281 N.C. 515, 189 S.E. 2d 35 (1972).

Our determination of the issue raised by defendant is governed by the principle of law that, upon consideration of a motion for directed verdict, the State's evidence is deemed to be true and the State is entitled to all reasonable inferences which may be drawn from the evidence. *State v. Baxter*, 285 N.C. 735, 208 S.E. 2d 696 (1974). *See also* 4 Strong's N.C. Index, Criminal Law § 104, p. 541-42, and cases cited therein. In the instant case, the State presented evidence tending to show that, during the search, law enforcement officers found both marijuana and cocaine in plain view in the left bedroom, cocaine in the pocket of a suit in the bedroom closet, and marijuana in the water heater located in the kitchen of the house. The record does not disclose that anyone in the house had drugs on his person. Defendant's possession, therefore, can be based upon his control of the premises.

There was evidence which tended to link defendant to the house at 705 Bacon Street. At the time of the search, defendant was in the house. His pants and his wallet were lying on the bed in the left bedroom. A letter addressed to defendant (at another address) was discovered on the headboard of the bed, and a savings book in his name was found in a closet off the left bedroom. Furthermore, defendant had been seen at the premises before. In late April or early May of 1980, defendant was seen around an old gray Chevrolet which was being worked on. Before the search of the premises on 23 May, a law enforcement officer saw defendant driving the same gray Chevrolet.

Defendant's possession of the marijuana and cocaine also can be based upon the close juxtaposition of defendant to those drugs. Drugs and drug paraphernalia were found in several places in the house. Scales and a pouch containing cocaine were found on top of the television in the left bedroom. Cocaine was found on the headboard of the bed. Marijuana was found in a water heater in the kitchen. Cocaine was found in the vest pocket of a suit hanging in the closet where defendant's savings book was found. Defendant was in the hallway near the left bedroom when the officers entered. This evidence is more than sufficient for the jury to find

State v. Roseboro

the defendant was in close juxtaposition to the contraband. *See State v. Harvey, supra.*

While defendant in the instant case presented evidence tending to negate and explain away the State's evidence, we cannot take that into account in this review. After considering the evidence in the light most favorable to the State, we hold that the State presented sufficient evidence to allow the case to go to the jury on the question of defendant's possession of the controlled substances.

[3] Likewise, we find that the evidence considered in the light most favorable to the State was sufficient to go to the jury on defendant's possession of the two drugs with the intent to sell. While the quantity of a drug is an indicator of intent to sell, *State v. Cloninger,* 37 N.C. App. 22, 245 S.E. 2d 192 (1978), it is not the only factor relevant to that intent. Evidence of the location of the drugs, the packaging used, and the existence of paraphernalia used to measure and package drugs also is relevant to the question of intent to sell. *See generally State v. Mitchell,* 27 N.C. App. 313, 219 S.E. 2d 295 (1975), *disc. rev. denied,* 289 N.C. 301, 222 S.E. 2d 701 (1976).

In the instant case, while the quantity of cocaine was small, there was evidence of the presence of drug paraphernalia (two sets of scales, one beside a pouch of cocaine, and an abundance of Ziploc bags) sufficient for the charge of possession with intent to sell to go to the jury. The evidence of the quantity of marijuana, as well as of the paraphernalia, also was sufficient for the charge of possession with intent to sell marijuana to go to the jury.

[4] Finally, we hold that there was sufficient evidence of manufacture of the two drugs to permit that issue to go to the jury. The prohibited manufacture of controlled substances "includes any packaging or repackaging of the substance or labeling or relabeling of its container except that this term does not include the preparation or compounding of a controlled substance by an individual for his own use . . .." G.S. 90-87(15). The evidence of plastic bag corners, two sets of scales, and of the Ziploc bags found with the marijuana in the water heater was sufficient for the issue of manufacturing to go to the jury.

In defendant's trial, we find

No error.

Judges VAUGHN and WHICHARD concur.