STATE OF NORTH CAROLINA v. CLIFTON REDDICK, JR.

No. 813SC705

(Filed 2 February 1982)

1. Narcotics § 4.3— constructive possession of marijuana—sufficiency of evidence

The State's evidence was sufficient to present a jury question as to whether defendant was in control of premises in which marijuana was found or was in such close juxtaposition to the marijuana as to justify a conclusion that it was in his possession where it tended to show that a confidential informant told Greenville law officers that, within 48 hours prior to the search, he had seen defendant at a certain residence with cocaine and marijuana; when the officers arrived at the residence with a search warrant, they found defendant

there sitting on a couch; the search disclosed slightly less than a pound of marijuana located in a back bedroom closet; a "temporary marriage certificate" of defendant and his wife was located on the hall wall; an Employment Security Commission card bearing defendant's name and an application for a driver's license bearing defendant's name and the address of the residence was located on a kitchen peg board; and a receipt and a motor vehicle registration card bearing defendant's name and the address of the residence were located on a dresser in the bedroom in which the marijuana was found.

**2. Searches and Seizures §§ 23, 44— search warrant—sufficiency of affidavit—failure to make findings and conclusions**

Allegations in an affidavit that a confidential informant had advised the affiant that while at the described premises during the past 48 hours he had observed defendant and that, *inter alia*, defendant "had a quantity of marijuana in the apartment which [he] was . . . selling" was sufficient to sustain issuance of a warrant to search the apartment; therefore, an averment that defendant lived at this residence was not material and, even if false, would not invalidate the search warrant. Furthermore, failure of the trial court to enter findings of fact and conclusions of law in support of its denial of a motion to suppress evidence seized pursuant to the warrant was not prejudicial error where the entire basis of defendant's motion was his challenge to the validity of the warrant based on his denial that he lived at the searched premises.

APPEAL by defendant from *Brown, Judge.* Judgment entered 4 March 1981 in Superior Court, PITT County. Heard in the Court of Appeals 10 December 1981.

Defendant appeals from a judgment of imprisonment entered upon his conviction of felonious possession of marijuana.

*Attorney General Edmisten, by Assistant Attorney General George W. Boylan, for the State.*

*Robert L. White for defendant appellant.*

WHICHARD, Judge.

The State's evidence showed that on 3 December 1980 law enforcement officers, pursuant to a search warrant, searched a residence located at 507-B Darden Drive, Greenville, North Carolina. Defendant was in the residence at the time. The search disclosed slightly less than a pound of marijuana. As a consequence, defendant was indicted for felonious possession of marijuana in excess of one ounce. G.S. 90-94, -95(a)(3), -95(d)(4) (1981 & Supp. 1981).

Defendant contends the court erred in denying his motions (1) for nonsuit and (2) to set aside the verdict and order a new trial. We find no error.

"It is elementary that upon consideration of a motion for judgment of nonsuit the evidence for the State is deemed to be true and the State is entitled to all reasonable inferences which may be drawn therefrom." *State v. Baxter*, 285 N.C. 735, 737, 208 S.E. 2d 696, 698 (1974). Our Supreme Court has declared the following standard for evaluating evidence in cases of illegal possession of controlled substances:

> An accused's possession of narcotics may be actual or constructive. He has possession of the contraband material within the meaning of the law when he has both the power and intent to control its disposition or use. Where such materials are found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession. Also, the State may overcome a motion to dismiss or motion for judgment as of nonsuit by presenting evidence which places the accused 'within such close juxtaposition to the narcotic drugs as to justify the jury in concluding that the same was in his possession.'

*State v. Harvey*, 281 N.C. 1, 12-13, 187 S.E. 2d 706, 714 (1972).

[1] The State's evidence here showed the following: A confidential source informed Greenville law enforcement officers that, within forty-eight hours prior to the search, the source had been at 507-B Darden Drive and had observed defendant there with cocaine and marijuana. When the officers arrived with a search warrant, they found defendant there sitting on a couch. Their search disclosed slightly less than a pound of marijuana located in a back bedroom closet. It also disclosed the following: (1) a "temporary marriage certificate" of defendant and his wife, which was located on the hall wall; (2) an Employment Security Commission card bearing defendant's name, which was located on a peg board in the kitchen; (3) an application for a North Carolina driver's license, bearing defendant's name and the address "507-B Darden Drive, Greenville, North Carolina," which was also located on the kitchen peg board; (4) a receipt dated 27 October 1980 bearing defendant's name and the address "507 Darden Drive," which was

located on top of a dresser or chest in the bedroom in which the marijuana was found; and (5) a North Carolina Division of Motor Vehicles registration card, apparently dated 8 October 1980, bearing defendant's name and the address "507 Darden Drive, Greenville, North Carolina," which was located on the same dresser or chest. This evidence sufficed, under the *Harvey* standard, to present a jury question as to whether defendant was in control of the premises or in such close juxtaposition to the narcotic drugs as to justify a conclusion that they were in his possession. *See also State v. Roseboro*, 55 N.C. App. 205, 284 S.E. 2d 725 (1981), *disc. rev. denied*, 305 N.C. 155, 289 S.E. 2d 566 (1982). The court thus properly denied the motions challenging the sufficiency of the evidence.

[2] Defendant further contends the court should have allowed his motion to suppress "any and all evidence gained . . . by means of a search of premises at 507-B Darden Drive" on the ground that "the search warrant and the affidavit in support thereof are invalid because the affiant misrepresented the facts to the magistrate." The sole basis for the contention is that defendant denied on voir dire that he lived at the premises searched.

"A defendant may contest the validity of a search warrant and the admissibility of evidence obtained thereunder by contesting the truthfulness of the testimony showing probable cause for its issuance." G.S. 15A-978(a). If, absent a statement demonstrated by a substantial preliminary showing to be false, the affidavit on the basis of which probable cause was found is insufficient therefor, "the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." *Franks v. Delaware*, 438 U.S. 154, 156, 57 L.Ed. 2d 667, 672, 98 S.Ct. 2674, 2676 (1978).

The affidavit here stated that a confidential source, who in the past had provided reliable information, had advised the affiant that while at the described premises during the past forty-eight hours he had observed defendant; and that, *inter alia*, defendant "had a quantity of marijuana in the apartment which [he] was . . . selling." The affidavit further averred that the source also had stated that defendant kept marijuana in the described premises. This information was sufficient under the *Harvey* standard, *supra*, to establish probable cause for the magistrate to issue

the search warrant. The validity of the warrant, then, did not depend upon the statement, allegedly false, that defendant was selling marijuana "from his residence." The court thus properly denied the motion to suppress.

Defendant finally contends the court erred in failing to enter findings of fact and conclusions of law in support of its denial of the motion to suppress.

> When the competency of evidence is challenged and the trial judge conducts a voir dire to determine admissibility, the general rule is that he should make findings of fact to show the bases of his ruling. (Citation omitted.) If there is a material conflict in the evidence on voir dire, he *must* do so in order to resolve the conflict. (Citation omitted.) If there is no material conflict in the evidence on voir dire, it is not error to admit the challenged evidence without making specific findings of fact, although it is always the better practice to find all facts upon which the admissibility of the evidence depends. (Citations omitted.) In that event, the necessary findings are implied from the admission of the challenged evidence.

*State v. Phillips*, 300 N.C. 678, 685, 268 S.E. 2d 452, 457 (1980). *See also State v. Riddick*, 291 N.C. 399, 230 S.E. 2d 506 (1976).

Here, the entire basis of defendant's motion was his challenge to the validity of the search warrant based on his denial that he lived at the searched premises. Because the averment that defendant "had a quantity of marijuana in the apartment which [he] was . . . selling" was sufficient to sustain issuance of the warrant under the *Harvey* standard, *supra*, the averment that defendant lived at this residence was not material. The failure to make specific findings of fact and conclusions of law supporting denial of the motion to suppress thus did not constitute prejudicial error.

No error.

Judges CLARK and BECTON concur.