STATE OF NORTH CAROLINA v. CHERYL CATHERINE RICH

No. 8710SC171

(Filed 20 October 1987)

**1. Narcotics § 4.3— constructive possession of cocaine—sufficiency of evidence**

Evidence of defendant's constructive possession of cocaine was sufficient to support her convictions for possession of more than one gram of cocaine and possession with intent to sell and deliver where such evidence tended to show that defendant was seen on the premises the evening before; on the night of her arrest, defendant was cooking dinner at the house when agents arrived and found cocaine; women's casual clothes and undergarments were found in the bedroom and in the dresser where the cocaine was found; letters with defendant's name on them were also found in the room; and other mail addressed to defendant, including an insurance policy listing the house as her residence, was found in the house.

**2. Narcotics §§ 1.3, 5— possession of more than one gram of cocaine—possession of cocaine with intent to sell or deliver—conviction for both improper**

Double jeopardy barred defendant's conviction and punishment both for possession of more than one gram of cocaine and for possession of cocaine with intent to sell or deliver.

**3. Narcotics § 4— manufacturing cocaine—sufficiency of evidence**

Evidence was sufficient to sustain defendant's conviction for manufacturing cocaine where it tended to show that law officers discovered in defendant's home a bag containing 17 grams of diluted cocaine, a smaller bag containing over 3 grams of cocaine of a greater purity, tools commonly used in repackaging and selling cocaine, a bag of inositol which is a white powder used for diluting cocaine, and over a hundred small plastic bags. N.C.G.S. § 90-87(15).

**4. Narcotics § 4— maintaining dwelling used for keeping or selling controlled substances—sufficiency of evidence**

Evidence showing that defendant resided in a house, that she was cooking dinner there when cocaine was discovered, and that she possessed cocaine and materials related to the use and sale of cocaine was sufficient to allow conviction under N.C.G.S. § 90-108(a)(7) for maintaining a dwelling used for the keeping or selling of controlled substances.

Judge WELLS dissenting.

APPEAL by defendant from *Farmer, Judge.* Judgment entered 18 September 1986 in Superior Court, WAKE County. Heard in the Court of Appeals 22 September 1987.

Defendant was indicted on one count each for: possession of more than one gram of cocaine; possession of cocaine with the intent to sell and deliver; keeping and maintaining a dwelling

resorted to by persons using controlled substances and used for the keeping and selling of controlled substances; and manufacturing cocaine. At trial, only the State offered evidence. It showed that on 6 February 1986 agents for the Alcoholic Control Board of Wake County executed a search warrant at 303 Redwood Drive in Raleigh, North Carolina. Just prior to approaching the house, the agents seized Mr. Dalton Griffin, the person named in the warrant. Defendant was cooking dinner when the agents knocked on the back door of the house. Defendant opened the door, let the agents in, and waited while they searched the house.

The search uncovered approximately 20 grams of cocaine in the largest of the house's two bedrooms. Some of the cocaine was found in a tin can on top of a bedside dresser. A small spoon was also inside the tin can. Also found on top of the dresser was a mirror with a white powder residue on it, a razor blade, a straw, and a small tin sifter. Inside the dresser's top drawer, the agents found a small glass vial; another plastic bag containing cocaine; a plastic bag containing 46 grams of inositol, a white powder which is commonly used for diluting cocaine; and over 100 small plastic bags. Next to the dresser, inside a suitcase, the agents found a set of triple beam scales. Men's and women's clothing were found inside the dresser. On the dining room table, the agents found an insurance policy, issued in January 1985, listing defendant as the insured and her residence as 303 Redwood Drive. Other mail with defendant's name on it was seized from the bedroom.

At the close of the State's evidence, defendant's motions to dismiss each of the charges were denied. The jury returned guilty verdicts on all four charges. The trial court vacated the conviction for possession of more than one gram of cocaine, consolidated the other three convictions for sentencing, and imposed a three year suspended sentence. Defendant appeals.

*Attorney General Thornburg, by Assistant Attorney General Charles H. Hobgood, for the State.*

*Gerald L. Bass for the defendant-appellant.*

EAGLES, Judge.

Defendant argues that the evidence was insufficient on all charges and that, consequently, the trial court erred in failing to grant her motions to dismiss. We find no error.

In ruling on a motion to dismiss, the trial court must view the evidence in the light most favorable to the State, giving it the benefit of all reasonable inferences which can be drawn therefrom. *State v. Rasor*, 319 N.C. 577, 356 S.E. 2d 328 (1987). If there is "substantial evidence" of each element of the charged offense, the motion should be denied. *State v. Bullard*, 312 N.C. 129, 322 S.E. 2d 370 (1984). Substantial evidence is that amount of evidence which a reasonable mind might accept as adequate to support a conclusion. *State v. Cox*, 303 N.C. 75, 277 S.E. 2d 376 (1981).

[1] Defendant contends that there is insufficient evidence to show she possessed any of the cocaine. We disagree. A person is in "possession" of a controlled substance within the meaning of G.S. 90-95 if they have the power and intent to control it; possession need not be actual. *State v. Baize*, 71 N.C. App. 521, 323 S.E. 2d 36 (1984), *disc. rev. denied*, 313 N.C. 174, 326 S.E. 2d 33 (1985). The State is not required to prove that the defendant owned the controlled substance, *State v. Pevia*, 56 N.C. App. 384, 289 S.E. 2d 135, *cert. denied*, 306 N.C. 391, 294 S.E. 2d 218 (1982), or that defendant was the only person with access to it. *State v. Roseboro*, 55 N.C. App. 205, 284 S.E. 2d 725 (1981), *disc. rev. denied*, 305 N.C. 155, 289 S.E. 2d 566 (1982).

The State's evidence showed that defendant was seen on the premises the evening before, that on the night of her arrest she was cooking dinner at the house when the agents arrived, that women's casual clothes and undergarments were found in the bedroom, and that mail addressed to defendant, including an insurance policy listing the house as her residence, was found in the house. This is sufficient to show defendant had nonexclusive control of the premises. *See State v. McLaurin*, 320 N.C. 143, 357 S.E. 2d 636 (1987); *State v. Allen*, 279 N.C. 406, 183 S.E. 2d 680 (1971). Where control of the premises is nonexclusive, however, constructive possession may not be inferred "without other incriminating circumstances." *State v. Brown*, 310 N.C. 563, 569, 313 S.E. 2d 585, 589 (1984). Here, the evidence established more than defendant's mere residence in the house. The evidence showed that defendant was present on the premises when the cocaine was found, that women's clothes and undergarments were in the room and in the dresser where the cocaine was found, and that letters with defendant's name on them were also found in the room. This is evidence of other incriminating circumstances, sufficient to

allow the jury to infer that defendant was in constructive posses-
sion of the cocaine. *See State v. Baxter*, 285 N.C. 735, 208 S.E. 2d
696 (1974); *State v. Roseboro, supra.* Likewise, evidence showing
the amount of cocaine, the presence of packaging materials and a
chemical which the evidence showed is commonly used to dilute
cocaine is sufficient to show defendant's intent to sell and deliver.
*See State v. Williams*, 307 N.C. 452, 298 S.E. 2d 372 (1983); *State
v. Roseboro, supra.*

The recent decision in *State v. McLaurin, supra*, is factually
distinguishable. There, the court reversed a conviction for posses-
sion of drug paraphernalia where, although the evidence estab-
lished the defendant's nonexclusive control of the premises, there
were no other incriminating circumstances. In *McLaurin*, the de-
fendant apparently was not present at the time the paraphernalia
was found. There was no evidence that she had entered or left
the premises at all on the day of the search. Moreover, there was
no evidence that the paraphernalia was found in an area of the
house directly linked to the defendant. Accordingly, we hold that
the trial court did not err in denying defendant's motion to
dismiss the charges of possession of more than one gram of co-
caine and possession with the intent to sell and deliver.

[2] We note that principles of double jeopardy bar defendant's
conviction and punishment for possession of more than one gram
of cocaine and possession of cocaine with intent to sell or deliver.
*See State v. McGill*, 296 N.C. 564, 251 S.E. 2d 616 (1979). Accord-
ingly, the trial judge properly vacated the charge of possession of
more than one gram of cocaine. The appropriate procedure, how-
ever, was to instruct the jury to first consider the offense of pos-
session with intent to sell and deliver, and then, if and only if
they found defendant not guilty of that offense, to consider the
possession charge. *Id.*

[3] We also find no error in the trial court's denial of defendant's
motion to dismiss the charge of manufacturing cocaine. G.S. 90-87
(15) defines "manufacture" as including "any packaging or repack-
aging" except that done "by an individual for his own use." G.S.
90-87(15). Evidence showing the presence of a bag containing 17
grams of diluted cocaine, a smaller bag containing over 3 grams of
cocaine of a greater purity, tools of a type which the State's
evidence showed were commonly used in repackaging and selling

cocaine, the bag of inositol, and over a hundred small plastic bags, is sufficient to sustain defendant's conviction for manufacturing cocaine. *See State v. Roseboro, supra.*

**[4]** The State's evidence was also sufficient to show defendant violated G.S. 90-108(a)(7) which makes it unlawful for any person:

> [t]o knowingly keep or maintain any store, shop, warehouse, dwelling house, building, vehicle, boat, aircraft, or any place whatever, which is resorted to by persons using controlled substances in violation of this Article for the purpose of using such substances, or which is used for the keeping or selling of the same in violation of this Article.

Here, the State failed to produce evidence to show that the house was "resorted to by persons using controlled substances." *Id.* While the evidence established that defendant and Mr. Griffin both resided in the house, we do not believe the General Assembly intended "resorted to," as used in this statute, to include persons who live in the dwelling. The statute, however, also allows conviction upon evidence that the defendant maintained the dwelling, using it for the keeping or selling of controlled substances. The evidence showing that defendant resided in the house, that she was cooking dinner, and that she possessed cocaine and materials related to the use and sale of cocaine, is sufficient to allow conviction under G.S. 90-108(a)(7) for maintaining a dwelling used for the keeping or selling of controlled substances.

> We note that the trial court instructed, in relevant part, that:

> in order for you to find the defendant guilty of knowingly maintaining a building which is resorted to by persons using controlled substances unlawfully and used for the purpose of unlawfully keeping or selling controlled substances, the State must prove two things to you beyond a reasonable doubt. First, that the defendant maintained a residence at 303 Redwood Drive here in the City of Raleigh which was resorted to by persons using cocaine unlawfully. Cocaine is a controlled substance and that the snorting or sniffing of cocaine which is unlawful or used for the purpose of unlawfully keeping or selling cocaine. And cocaine, again, is a controlled substance, the keeping or selling of which is unlawful in this State. The second thing the State must prove to you beyond a reasona-

ble doubt is that the defendant did this knowingly. So, I charge that if you find from the evidence beyond a reasonable doubt that on or about February 6th of 1986 the defendant knowingly kept a building or a residence which was resorted to by persons using or sniffing cocaine unlawfully and used for the unlawful keeping or selling of cocaine, then it would be your duty to find a verdict of guilty of knowingly maintaining a building which was resorted to by persons using controlled substances unlawfully and used for the unlaw[ful] keeping or selling of controlled substances.

While the jury instruction is not a model of clarity, it is free of prejudicial error. In addition, defendant has not argued that the instruction is insufficient to allow her conviction for maintaining a dwelling used for the keeping or selling of the cocaine. Therefore, any possible error in that respect is waived. *See* App. R. 28(a); *State v. Edwards*, 49 N.C. App. 547, 272 S.E. 2d 384 (1980).

No error.

Judge MARTIN concurs.

Judge WELLS dissents.

Judge WELLS dissenting.

In *State v. McLaurin*, 320 N.C. 143, 357 S.E. 2d 636 (1987), our Supreme Court held that where the defendant's control of the premises was nonexclusive, there must be other incriminating circumstances (such as close proximity to the contraband found on the premises) to establish constructive possession. The only distinction I can discern between the essential facts in *McLaurin* and the facts in this case is that in this case defendant was physically present on the premises when the contraband was found. I am not persuaded that this is a sufficient difference for us to distinguish this case from *McLaurin*. Taking the position that the evidence was insufficient to show constructive possession by defendant, I vote to vacate defendant's convictions.