BRYANT, Judge.
Where a jury could reasonably infer that defendant had dominion and control over the room and the items therein, including the bags containing cocaine, the trial court did not err by submitting to the jury the charge of felony possession of cocaine as a lesser offense of felony possession of cocaine with intent to sell or deliver.
The evidence tends to show that Detective Ben Huger, an investigator with the Raleigh Police Department ("RPD") assigned to investigate drug and vice cases, began an investigation of the premises at 4207 Western Boulevard after receiving a tip which included information that a person by the name of "Alton Williams" resided there and that this person drove a white Cadillac. After confirming the existence of the residence and an individual by that name, viewing a white Cadillac at the premises, and finding in the trash can outside the residence a plastic baggie that field tested positive for cocaine on 18 July 2013, the detective obtained a warrant to search the residence.
Detective Huger, two other detectives, and officers of the Selective Enforcement Unit of the RPD executed the search warrant the next morning. A white Cadillac automobile was at the residence when the officers arrived. Two individuals were in two bedrooms and defendant and a female were in a third bedroom when the officers entered the residence.
In plain view on top of a dresser/armoire in the third bedroom, officers found a plastic bag containing a white substance subsequently identified as cocaine weighing 1.08 grams. Inside a top drawer of the dresser, the officers found another plastic bag containing a white powder substance later identified as cocaine and weighing 6.13 grams. Inside another top drawer the officers found a vehicle title to a Cadillac registered to defendant Alton Jermaine Williams and $1,703.00 in U.S. currency. Elsewhere in this bedroom, officers found a photograph of defendant, a North Carolina driver's license in the name of "Alton Jermaine Williams" lying on a pair of shorts, an envelope addressed to "Alton Williams," and a receipt for work done on a vehicle registered to defendant.
Defendant was indicted and tried on charges of possession with intent to sell or deliver cocaine, maintaining a dwelling for the keeping of controlled substances, possession of a firearm by a felon, and attaining habitual felon status. He was found guilty of possession of cocaine and attaining habitual felon status. He was acquitted of the remaining charges and sentenced to imprisonment for a period of a minimum of thirty months and a maximum of forty-eight months. Defendant appeals.
_________________________
The sole issue on appeal is whether the court erred by submitting the charge of felony possession of cocaine as a lesser-included offense of felony possession of cocaine with intent to sell or deliver. Specifically, defendant contends that the court erred by submitting the lesser offense of possession of cocaine because the State's evidence regarding every element of the greater offense of possession of cocaine with intent to sell or deliver was unequivocal and uncontradicted, and defendant denied commission of any offense. Because we determine submission of the instruction was supported by evidence, we find no error.
Challenges to trial court decisions regarding jury instructions are reviewed de novo by this Court. State v. Osorio , 196 N.C. App. 458, 466, 675 S.E.2d 144, 149 (2009). " 'Under a de novo review, the court considers the matter anew and freely substitutes its own judgment' for that of the lower tribunal." State v. Williams , 362 N.C. 628, 632-33, 669 S.E.2d 290, 294 (2008) (quoting In re Greens of Pine Glen Ltd. P'ship , 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003) ).
Possession of a controlled substance is a lesser-included offense of possession of a controlled substance with intent to sell or deliver, separated by the single element of intent to sell or deliver. See State v. Aiken , 286 N.C. 202, 206, 209 S.E.2d 763, 766 (1974). An instruction as to a lesser-included offense is required if the evidence would rationally permit the jury to find the defendant guilty of the lesser offense and acquit him of the greater offense. See State v. Millsaps , 356 N.C. 556, 562, 572 S.E.2d 767, 772 (2002). In deciding whether to charge the jury on a lesser-included offense, the court must determine whether there is evidence in the case that will support a conviction of the lesser offense. State v. Thomas , 325 N.C. 583, 590-91, 386 S.E.2d 555, 559 (1989). Error in submitting an instruction on the lesser offense is harmless if there is no reasonable possibility that a verdict more favorable to the defendant would have occurred absent the erroneous instruction. State v. Ray , 299 N.C. 151, 164, 261 S.E.2d 789, 797 (1980).
To establish possession of contraband material, the prosecution may show actual physical possession or constructive possession. State v. Perry , 316 N.C. 87, 96, 340 S.E.2d 450, 456 (1986). Constructive possession exists when the defendant, "while not having actual possession, ... has the intent and capability to maintain control and dominion over" the material. State v. Beaver , 317 N.C. 643, 648, 346 S.E.2d 476, 480 (1986) (citing State v. Williams, 307 N.C. 452, 455, 298 S.E.2d 372, 374 (1983) ). "Where [contraband is] found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession." State v. Harvey , 281 N.C. 1, 12, 187 S.E.2d 706, 714 (1972). For example, a defendant's presence on the premises at the time contraband is found, along with items of clothing, documents linked to the defendant, and letters addressed to the defendant located in the same room where the contraband is found, is evidence of constructive possession. State v. Rich , 87 N.C. App. 380, 382-83, 361 S.E.2d 321, 323 (1987).
Here, we find ample evidence to support the instruction on the lesser-included offense. Defendant was present in the house when the officers arrived and was in a bedroom where crack cocaine was in plain view on top of a dresser. Identification and personal items, including defendant's driver's license, clothing, title to the Cadillac, and a photograph of defendant suggesting that defendant resided there, were also found in the room. The title to the Cadillac was kept in one of the top drawers of the dresser, along with a large sum of cash. In another top drawer, a bag of cocaine was found. Based upon this evidence, a jury could reasonably infer that defendant had dominion and control over the room and the items therein, including the bags containing cocaine. See id.
We also do not agree with defendant's argument that the evidence is uncontroverted that his possession of the contraband, if assumed arguendo , was possessed with the intent to sell or deliver. The element of intent, as a mental process, must usually be shown by circumstantial evidence from which one's intent may be inferred. State v. Kendrick , 9 N.C. App. 688, 691, 177 S.E.2d 345, 347 (1970) (citation omitted). We are unable to say that the State's evidence compels a conclusion that his possession was with the requisite intent.
Accordingly, we hold defendant received a fair trial, free from error.
NO ERROR.
Report per Rule 30(e).
Judges DAVIS and ZACHARY concur.