STATE OF NORTH CAROLINA v. EVELYN McLAURIN

No. 249PA86

(Filed 7 July 1987)

Narcotics § 4.4― constructive possession of drug paraphernalia―insufficient evidence

The State's evidence was insufficient to permit the jury to find that defendant had constructive possession of drug paraphernalia where it showed that defendant's control over the premises in which the paraphernalia were found was nonexclusive, and where there was no evidence of other incriminating circumstances linking defendant to those items.

Justice WEBB did not participate in the consideration or decision of this case.

ON discretionary review of an unpublished opinion of the Court of Appeals finding no error in the trial before *Farmer, J.,* at the 13 March 1985 Criminal Session of Superior Court, CUMBERLAND County. Heard in the Supreme Court 11 May 1987.

*Lacy H. Thornburg, Attorney General, by Augusta B. Turner, Assistant Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Geoffrey G. Mangum, Assistant Appellate Defender, for defendant-appellant.*

WHICHARD, Justice.

Defendant was tried for conspiracy to traffic in heroin, possession of cocaine, and possession of drug paraphernalia. The trial court dismissed the conspiracy charge at the close of the State's evidence. The jury acquitted defendant on the possession of cocaine charge but found her guilty of possession of drug paraphernalia. The Court of Appeals, in an unpublished opinion, found no error. We reverse for insufficiency of the evidence.

As part of an undercover investigation, agents from the State Bureau of Investigation were posted to watch a house at 106 Starhill Avenue in Fayetteville on 19 January 1984. At defendant's trial, a police officer testified that the agents had seen two men, Edward McLaurin and Horace King, enter and leave the house. These two men were later arrested for their roles in illegal drug transactions exposed by the investigation.

Pursuant to a search warrant, officers combed the Starhill Avenue house the evening of 19 January 1984. In the kitchen the officers found a set of Deering scales, which one officer testified are "often found and associated with measuring drugs for sale." The scales, a brown vial found in the pocket of a man's overcoat hanging in a closet near the living room, and a plastic baggie found on a bar between the living and dining rooms all bore traces of a white powder later tested and determined to be cocaine residue. A box containing a spoon, eighteen small tinfoil squares, and a plastic bag were found in a drawer full of children's clothing in a bedroom apparently occupied by children. The officer testified that he was familiar with the use of tinfoil squares to package cocaine or, more typically, heroin.

In a crawl space beneath the house, officers found three marked one hundred dollar bills from the undercover drug transaction that had occurred earlier in the day, and, in the bushes behind the house, they found a bar of mannitol, which one officer testified is sometimes used as a cutting agent in the manufacture of heroin.

In addition to the drug paraphernalia, the officers seized photographs of defendant and Edward McLaurin. The officers also seized a notice of reduction in payments of aid to dependent children and a Medicaid identification card bearing the name of "Evelyn McNeill." Upon her arrest, defendant gave her name as "Evelyn McNeill McLaurin" and her address as 106 Starhill Avenue.

Defendant presented no evidence at trial. She moved for dismissal at the close of the State's evidence. As indicated above, the trial court granted defendant's motion only as to the charge of conspiracy to traffic in heroin, and defendant was acquitted of a charge of possession of cocaine. She was convicted of misdemeanor possession of drug paraphernalia and sentenced to two years imprisonment.

The Court of Appeals held that the trial court had properly denied defendant's motion to dismiss the charge of possessing drug paraphernalia, since the evidence was sufficient for the jury to find that defendant had constructive possession of the seized paraphernalia. It also held that guns seized pursuant to the same warrant were properly admitted because they were relevant to the dismissed charge of conspiracy to traffic in heroin. We reverse as to the sufficiency of the evidence supporting the charge of possession of drug paraphernalia; we thus need not reach the question of whether the guns were properly admitted.

Defendant was convicted of violating N.C.G.S. § 90-113.22, which provides, in pertinent part:

(a) It is unlawful for any person to knowingly use, or to possess with intent to use, drug paraphernalia to . . . manufacture, compound, convert, produce, process, prepare, test, analyze, package, repackage, store, contain, or conceal a controlled substance which it would be unlawful to possess.

N.C.G.S. § 90-113.22 (1985). A person has actual possession when she has "both the power and the intent to control . . . disposition or use." *State v. Baxter*, 285 N.C. 735, 738, 208 S.E. 2d 696, 698 (1974); *State v. Harvey*, 281 N.C. 1, 12, 187 S.E. 2d 706, 714 (1972). This Court has recognized numerous times that constructive possession is sufficient for purposes of the statute: "Where such materials are found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession." *State v. Harvey*, 281 N.C. at 12, 187 S.E. 2d at 714. *See, e.g., State v. Williams*, 307 N.C. 452, 455, 298 S.E. 2d 372, 375 (1983). It is not necessary to show that an accused has exclusive control of the premises where paraphernalia are found, but "where possession . . . is nonexclusive, constructive possession . . . may not be inferred without other incriminating circumstances." *State v. Brown*, 310 N.C. 563, 569, 313 S.E. 2d 585, 589 (1984). *Cf. State v. Spencer*, 281 N.C. 121, 130, 187 S.E. 2d 779, 784 (1972) (close physical proximity of defendant to marijuana sufficient for jury to conclude it was in defendant's possession).

The Court of Appeals correctly noted ample evidence that defendant resided at 106 Starhill Avenue and that she was in control of the premises. That control, however, was patently nonexclusive: Edward McLaurin and Horace King had both been observed entering and leaving the day of the search, there was no evidence that defendant was so observed, and the presence of children's and adult male clothes in closets and bureaus indicated that defendant did not reside there alone. No other incriminating circumstances were cited by the Court of Appeals and none are apparent in the record that might suffice to carry the case to the jury on the charge of unlawful possession.

In determining whether to grant a defendant's motion to dismiss, the trial court must consider all the evidence admitted in the light most favorable to the State and decide whether there is substantial evidence of each element of the offense charged and that the defendant committed it. *State v. LeDuc*, 306 N.C. 62, 74-75, 291 S.E. 2d 607, 615 (1982). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Brown*, 310 N.C. at 566, 313 S.E. 2d at 587. "If the evidence 'is sufficient only to raise a suspicion

or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator of it, the motion for nonsuit should be allowed. . . . This is true even though the suspicion so aroused by the evidence is strong.'" *State v. LeDuc*, 306 N.C. at 75, 291 S.E. 2d at 615, quoting *In re Vinson*, 298 N.C. 640, 656-57, 260 S.E. 2d 591, 602 (1979).

We conclude that because defendant's control over the premises in which the paraphernalia were found was nonexclusive, and because there was no evidence of other incriminating circumstances linking her to those items, her control was insufficiently substantial to support a conclusion of her possession of the seized paraphernalia. Accordingly, we hold that it was error not to grant defendant's motion to dismiss at the close of the State's evidence. The decision of the Court of Appeals holding otherwise is therefore

Reversed.

Justice WEBB did not participate in the consideration or decision of this case.