STATE v. MITCHELL

[104 N.C. App. 514 (1991)]

═══════════════

STATE OF NORTH CAROLINA v. ROBERT LEE MITCHELL, JR.

No. 9010SC1224

(Filed 19 November 1991)

1. **Narcotics § 4 (NCI3d) — maintaining vehicle for illegally keeping drugs — sufficiency of evidence**

Evidence tending to show that defendant got out of his car and went into a store with two plastic bags containing marijuana in his shirt pocket was sufficient for the jury to find that defendant possessed marijuana while he was in the vehicle and that he was guilty of maintaining a vehicle for illegally keeping drugs in violation of N.C.G.S. § 90-108.

**Am Jur 2d, Drugs, Narcotics, and Poisons §§ 27, 47, 48.7.**

2. **Narcotics § 4 (NCI3d) — weight of marijuana — sufficiency of evidence for felony conviction**

The State presented sufficient evidence of the quantity of marijuana to permit the jury to find defendant guilty of felonious possession of more than one and a half ounces, although the State did not offer evidence of the weight of the marijuana,

where the marijuana was in evidence and the jury had the opportunity to observe and examine it.

**Am Jur 2d, Drugs, Narcotics, and Poisons § 47.**

3. **Narcotics § 4.3 (NCI3d)— constructive possession of marijuana—sufficiency of evidence**

The State presented sufficient evidence of defendant's constructive possession of controlled substances and contraband in his residence to permit the jury to convict him of possession of cocaine, possession of marijuana, possession of drug paraphernalia, and maintaining a dwelling for keeping illegal drugs where the evidence tended to show that defendant owned the house in which the items were found and occupied the house with his wife and daughter; marijuana cigarettes and wrapping papers were found under men's clothing in the master bedroom; and defendant testified that he owned plastic bags of a type used for selling narcotics which were found in a kitchen cabinet with scales covered with cocaine residue.

**Am Jur 2d, Drugs, Narcotics, and Poisons § 47.**

**Conviction of possession of illicit drugs found in premises of which defendant was in non-exclusive possession. 56 ALR3d 948.**

4. **Searches and Seizures § 24 (NCI3d)— warrant to search residence—probable cause**

A magistrate had probable cause to issue a warrant to search defendant's residence based on the affidavits of two police officers where one officer's affidavit stated that a store clerk who was an off-duty police officer told him that someone matching defendant's description came into the store with marijuana in his shirt pocket; the affidavit stated that the officer ran a check on the license tag number the clerk had written down and determined that the car driven by the suspect belonged to defendant's wife; the affidavit also stated that the officer had received information from a confidential informant within the past forty-eight hours that defendant possessed marijuana at his residence and that marijuana was also located at an auto shop where defendant was responsible for paying the utilities; and the second officer's affidavit stated that he lived next door to defendant and had observed vehicles parked

STATE v. MITCHELL

[104 N.C. App. 514 (1991)]

at defendant's residence for brief periods in the early morning hours on weekends in what appeared to be the traffic pattern of a drug dealer.

**Am Jur 2d, Searches and Seizures §§ 64, 65, 68, 69.**

5. **Criminal Law § 329 (NCI4th) — absence of motion to sever — waiver**

Defendant waived his right to allege on appeal that the trial court erred in joining for trial narcotics offenses that occurred on different dates where he failed to make a motion for severance prior to trial. N.C.G.S. § 15A-927(a)(1).

**Am Jur 2d, Trial § 151.**

6. **Evidence and Witnesses § 3003 (NCI4th) — convictions over ten years old — invited cross-examination**

When defendant implied during his testimony on direct examination that he had only one prior conviction, he invited cross-examination by the State about his prior convictions that were more than ten years old.

**Am Jur 2d, Witnesses §§ 524, 525.**

Judge JOHNSON concurring in part and dissenting in part.

APPEAL by defendant from judgments entered 20 July 1990 by *Judge Donald W. Stephens* in WAKE County Superior Court. Heard in the Court of Appeals 18 September 1991.

The State's evidence at trial tended to show the following: On 6 September 1989 at approximately 9:30 p.m. defendant got out of a dark vehicle and went into Jimmy's Variety Pic-Up in Zebulon. The clerk in the store was an off-duty Bunn police officer. She testified that when defendant came into the store he had two plastic bags "sticking up" approximately four inches out of the left pocket of his shirt. Defendant brought beer from the cooler to the counter and asked the clerk for rolling papers. The clerk asked defendant what he had in his pocket and he told her that it was marijuana. She asked to see it. When defendant gave her the bags, she kept them. She testified that she put the two plastic bags and their contents into a paper bag and wrote down a description of defendant and his car. She said that she was not able to see inside the car because the windows were tinted dark. Defendant left and the clerk called the police. Before the police arrived,

defendant returned to the store in a silver vehicle and told the clerk that he wanted his marijuana and that if she did not return it, he would "break [her] neck." She wrote down the license plate number of this vehicle and called the police again. Defendant left and the Zebulon police arrived shortly thereafter.

A detective-sergeant with the Zebulon Police Department ran a check on the tag number that the clerk had given him and determined that the car belonged to defendant's wife. He recognized the description that the clerk had written down as matching the defendant. He then drove by defendant's house and saw a black vehicle and a silver car there with the same license tag number that the store clerk had given him. The next day, 7 September 1989, the detective-sergeant obtained a search warrant and searched defendant's house. During the search he found two marijuana cigarettes and rolling papers under some clothing in a dresser drawer in the master bedroom. He also found scales which had cocaine residue on them and small plastic bags in a cabinet in the kitchen.

Defendant contends that the marijuana was already on the counter in the convenience store on 6 September 1991 when he paid for the items he purchased. A former police officer testified that he was with defendant when he stopped at the convenience store on 6 September 1989 and that defendant took nothing into the store except a $100 bill in his shirt pocket. Defendant testified that he used the small plastic bags found during the search of his home to store parts for watches, which he repaired. He also offered testimony to suggest that the scales belonged to his wife's stepson.

Defendant was found guilty of (1) felonious possession of marijuana on 6 September 1989; (2) maintaining a vehicle for illegally keeping drugs; (3) misdemeanor possession of cocaine; (4) possessing drug paraphernalia; (5) misdemeanor possession of marijuana on 7 September 1989; and (6) maintaining a dwelling house for keeping illegal drugs. Defendant was sentenced to a total of four years imprisonment with a recommendation of work release.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Mary Jill Ledford, for the State.*

*A. Larkin Kirkman for defendant-appellant.*

EAGLES, Judge.

In this appeal defendant contends that the the court erred in denying his motions to dismiss the charges of maintaining a vehicle, felony possession of marijuana, possession of cocaine, possession of marijuana, possession of drug paraphernalia, and maintaining a dwelling. Defendant also contends that the court erred in denying his motion to suppress the evidence derived from the search of his home, in joining the charges arising out of the events of 6 and 7 September 1989 for trial, and in admitting evidence of his prior convictions. We find no error.

[1] Defendant first argues that the State did not show sufficient evidence of keeping a controlled substance to allow a conviction for maintaining a vehicle in violation of G.S. 90-108. "In ruling on a motion to dismiss the trial court is to consider the evidence in the light most favorable to the State. In so doing, the State is entitled to every reasonable intendment and every reasonable inference to be drawn from the evidence . . . . The defendant's evidence, unless favorable to the State, is not to be taken into consideration." *State v. Earnhardt*, 307 N.C. 62, 67, 296 S.E.2d 649, 652-53 (1982) (citations omitted). Here, the store clerk testified that at

> [a]pproximately 9:30 a black male walks inside the store. The reason I noticed this man is because he got out of a dark vehicle with dark tinted windows. In his left pocket he had two bags sticking up approximately four inches out of his pocket. I let him get inside the store. He went to the beer box, brought beer back—I don't remember what kind—and then he—he come up to the counter and he asked for some rolling papers I had never heard of. And, I asked him, I said, Well, what have you got in your pocket there, buddy? He says, It's dope or marijuana.

We think that this evidence permits an inference that the defendant possessed marijuana before he came into the store while he was in the vehicle. This assignment of error is overruled.

[2] Defendant also contends that the State presented insufficient evidence of the quantity of marijuana to allow the jury to find defendant guilty of felonious possession. Here, the State did not offer evidence of the weight of the marijuana. The trial court denied the State's motion to reopen the evidence to determine the weight

and concluded that "visually and quantitatively the jury could obviously infer from that evidence that the marijuana contained therein exceeds one and a half ounces in weight." While we agree with defendant that the better practice is to present testimony regarding the exact weight, here the marijuana was in evidence and the jury had the opportunity to observe and examine it. "Whatever the jury may learn through the ear from descriptions given by witnesses, they may learn directly through the eye from the objects described." *State v. Brooks*, 287 N.C. 392, 407, 215 S.E.2d 111, 122 (1975) (quoting 1 Stansbury's N.C. Evidence § 117 (Brandis Rev. 1973)). Whether the weight of the marijuana exceeded one and a half ounces was a matter within the scope of knowledge of the jury. On this record, we find no error.

[3] Next defendant contends that the State presented insufficient evidence of constructive possession of any controlled substance or contraband at his residence to allow a jury to convict him of possession of cocaine, possession of marijuana, possession of drug paraphernalia, or maintaining a dwelling. "It is not necessary to show that an accused has exclusive control of the premises where paraphernalia are found, but 'where possession . . . is nonexclusive, constructive possession . . . may not be inferred without other incriminating circumstances.'" *State v. McLaurin*, 320 N.C. 143, 146, 357 S.E.2d 636, 638 (1987) (citations omitted). Here, defendant owned the house that was searched. He occupied this residence with his wife and daughter. Marijuana cigarettes and rolling papers were found under what appeared to be men's clothing in a dresser drawer in the master bedroom. He testified that he owned the plastic bags, which were of a type used for selling and delivering narcotics and which were found in a kitchen cabinet with scales covered with cocaine residue. His admitted ownership of the bags suggests some relationship between the bags and the scales. We hold that this evidence is sufficient to link defendant to the items found although defendant had nonexclusive control over his residence.

[4] Defendant contends that the trial court erred by failing to suppress evidence seized from the search of his home because there was not a sufficient link between any controlled substance and his home. In *State v. Arrington*, 311 N.C. 633, 319 S.E.2d 254 (1984), the Supreme Court adopted the totality of the circumstances test set out in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), for determining the sufficiency of probable cause to support the issuance of a search warrant. Here, the

magistrate issued the search warrant based on the affidavits of two Zebulon police officers. One officer's affidavit stated that the store clerk, an off-duty Bunn police officer, told him that someone matching defendant's description had come into the store with marijuana in his shirt pocket. The officer ran a license tag check on the number the clerk had written down and determined that the silver car driven by the suspect belonged to defendant's wife. The officer's affidavit said that within 48 hours of the date he applied for the search warrant, he had received information from a confidential informant that defendant possessed marijuana at his residence and that marijuana was also located at a Zebulon auto shop where defendant was responsible for paying for the utilities. Another officer also stated that he lived next door to defendant and had observed vehicles park at defendant's residence for brief periods in the early morning on weekends "in what appeared to be a traffic pattern of a drug dealer." Under the *Gates* totality of the circumstances analysis, we find a substantial basis for the magistrate's finding of probable cause.

[5] Defendant also contends that the trial court erred in trying the events of 6 September and 7 September 1987 together. Generally, a motion for severance of offenses must be made before trial and "[a]ny right to severance is waived if the motion [for severance of offenses] is not made at the appropriate time." G.S. 15A-927(a)(1). Here, defendant made no motion to sever and has waived the right to allege on appeal that the trial court erred in joining the offenses for trial.

[6] Finally, defendant argues that the trial court erred in admitting evidence of his prior criminal convictions that were more than ten years old and the testimony of his parole officer that police found a marijuana cigarette in defendant's car at the time of his arrest. "Evidence which might not otherwise be admissible against a defendant may become admissible to explain or rebut other evidence put in by the defendant himself." *State v. Small*, 301 N.C. 407, 436, 272 S.E.2d 128, 145-46 (1980). Here, the defendant testified that he was on parole after being convicted of a federal crime in 1976. We agree with the State that defendant created the inference by his direct examination testimony that he had only one prior conviction and thereby invited the cross-examination of which he now complains. As to the testimony of his parole officer, we note that defendant did not object to this testimony at trial

and has failed to preserve this question for appellate review. N.C.R. App. P. 10(b)(1).

For the reasons stated, we find that defendant received a fair trial free from prejudicial error.

No error.

Judge PARKER concurs.

Judge JOHNSON concurs in part and dissents in part.

Judge JOHNSON concurring in part and dissenting in part.

I concur in all respects except defendant's conviction of felony possession of marijuana. As to this conviction, I respectfully dissent.

The punishment for possession of marijuana varies with the quantity possessed. G.S. § 90-95(d)(4). For amounts up to ½ ounce the punishment is not more than 30 days or a $100.00 fine, or both, with imprisonment suspended. For amounts greater than ½ ounce and up to 1½ ounce, possession is punished as a general misdemeanor. Possession of greater than 1½ ounces can result in a conviction punishable as a Class I felony with a presumptive sentence of two years imprisonment. Thus, the severity of the punishment for possession of small amounts of marijuana varies dramatically with small increases in the weight of the material possessed — a fraction of an ounce can be translated into months in prison.

In this case, no evidence was admitted at trial as to the weight of the marijuana. It was left entirely to the judgment of the jury whether the amount displayed at trial was greater than 1½ ounces, an essential element of felony possession. The record on appeal is similarly devoid of any evidence from which one could infer that the amount of marijuana was clearly greater than 1½ ounces.

While jurors may and do rely on their five senses and their life experience in deciding the facts from the evidence placed before them, I would not place a defendant in jeopardy of a felony conviction based on the jury's perception of the total weight of dried vegetable material contained in two small plastic bags — material with which the jurors presumably have little or no experience, either in handling generally or in the weighing of it. Most people,

in fact, do not have experience dealing in ounces of anything, much less a substance with the specific density and bulk of marijuana. It is basic to our criminal law that the State must prove the essential elements of its case beyond a reasonable doubt and I would not relieve the State of that burden. Here, the State has failed as a matter of law to meet its burden of proof.

I vote to remand for resentencing on misdemeanor possession.