STATE v. SHINE

[121 N.C. App. 78 (1995)]

———————————

STATE OF NORTH CAROLINA v. ANTONIO L. SHINE, WILLIE T. MILLER, JR., AND MISHAK R. BROWN

No. COA95-73

(Filed 5 December 1995)

1. **Evidence and Witnesses § 1572 (NCI4th)— consent to search form—admissibility**

    The trial court did not err in denying one defendant's motion to suppress a consent to search form bearing his signature where defendant contended that he was not advised of his rights to remain silent and to have counsel before he was asked to sign the form, since defendant was not in custody on the occasion in question and none of his rights were violated.

    **Am Jur 2d, Searches and Seizures §§ 83, 180.**

    **Validity, under Federal Constitution's Fourth Amendment, of search conducted pursuant to consent— Supreme Court cases. 111 L. Ed. 2d 850.**

2. **Evidence and Witnesses § 1572 (NCI4th)— consent to search form—admissibility**

    The admission of a consent to search form bearing the signatures of two defendants was not prejudicial error because it created an impermissible inference that they controlled a motel room and, by association, the cocaine and drug paraphernalia found therein, since the consent to search form was relevant evidence on the issue of the defendants' control of the premises.

    **Am Jur 2d, Searches and Seizures §§ 83, 180.**

STATE v. SHINE

[121 N.C. App. 78 (1995)]

Validity, under Federal Constitution's Fourth Amendment, of search conducted pursuant to consent— Supreme Court cases. 111 L. Ed. 2d 850.

3. **Narcotics, Controlled Substances, and Paraphernalia § 142 (NCI4th)— cocaine in motel room—constructive possession—sufficiency of evidence**

In a prosecution of defendants for possession of a controlled substance and possession of drug paraphernalia, the evidence was sufficient to be submitted to the jury under the theory of constructive possession where it tended to show that all defendants were in a motel room where cocaine and a crack pipe were found; one defendant was the first to respond to an officer's knock at the door; the jury could infer from his behavior that he was attempting to delay the officers' entry into the room in order to give the other defendants time to hide the cocaine and drug paraphernalia; the officers, upon entering the room, observed two defendants exiting the bathroom where the contraband was later found; one defendant then refused the officers' request to search the room and inquired whether the officers had a search warrant; later that same defendant spontaneously offered to let the officers search the room; and two of the three defendants voluntarily signed the consent to search form.

Am Jur 2d, Drugs and Controlled Substances §§ 147, 188.

Conviction of possession of illicit drugs found in premises of which defendant was in non-exclusive possession. 56 ALR3d 948.

Drug abuse: what constitutes illegal constructive possession under 21 USCS sec. 841(a)(1), prohibiting possession of a controlled substance with intent to manufacture, distribute, or dispense the same. 87 ALR Fed. 309.

Appeal by defendants from judgments entered 2 May 1994 by Judge Claude S. Sitton in Mecklenburg County Superior Court. Heard in the Court of Appeals 3 October 1995.

*Attorney General Michael F. Easley, by Assistant Attorney General Francis J. Di Pasquantonio, for the State.*

*Public Defender Isabel Scott Day, by Assistant Public Defender Dean M. Beer, for defendant-appellant Antonio L. Shine.*

*Janet C. Thomas for defendant-appellant Willie T. Miller, Jr.*

*Grant Smithson for defendant-appellant Mishak Brown.*

WALKER, Judge.

The State's evidence showed that on 4 August 1993, Charlotte Police Officers Hart and Heaton, acting on a tip, went to Room 325 of the Knight's Inn on Statesville Avenue. After waiting in the parking lot for five to ten minutes, the officers observed defendant Miller enter Room 325. Officer Hart then radioed for assistance, and Officers Palmertree and Ensminger arrived shortly thereafter. Upon their arrival, Officers Hart and Heaton went to Room 325, and Officer Hart knocked on the door. About one minute later, defendant Miller pulled the curtain open and looked out the window. The curtains then returned to their normal position. No one opened the door at that time.

Officer Hart again knocked on the door and received no response. After approximately one more minute, Officer Hart knocked a third time. He heard a voice ask, "Who is it?" Officer Hart identified himself and asked to talk with the occupants. After approximately 90 seconds, defendant Miller opened the door. Officer Hart asked if he could enter the room, and defendant Miller agreed. As Officer Hart entered the room, he observed defendants Shine and Brown and a juvenile coming from the bathroom.

Officer Hart asked the occupants of the room for their consent to search. Defendant Shine refused and asked Officer Hart if he had a warrant. Officer Hart did not have a warrant and left the room in order to secure one. Officers Palmertree, Ensminger, and Heaton, who had entered the room by this time, remained in the room to insure that any evidence that might be in the room would not be destroyed. Shortly after Officer Hart left the room, defendant Shine, without being asked, told Officer Ensminger he would consent to a search. Officers Palmertree and Heaton left the room, and Officer Heaton prepared a consent to search form. Officers Palmertree and Heaton then returned to the room and asked defendants if they wanted to sign the consent to search form. Defendants Shine and

Brown and the juvenile signed the form, but defendant Miller refused to sign. Officer Palmertree radioed Officer Hart to return to the room.

The officers proceeded to search the room. Officer Palmertree found and removed white rock-like substances from the inside of the toilet bowl. Officer Ensminger lifted the lid to the toilet tank and observed a pill bottle that contained white rock-like substances. Officer Palmertree retrieved the pill bottle. Officer Palmertree found a small crack pipe stuck between towels in the bathroom. The officers also located and removed two weapons from a dresser drawer. Following the seizure of the white rock-like substances (later determined to be cocaine) and the crack pipe, defendants and the juvenile were arrested.

Each defendant was found guilty of one count of possession of cocaine and one count of possession of drug paraphernalia. The trial court entered judgment in accordance with the verdicts. Defendants Shine and Brown received probationary sentences, and defendant Miller received an active sentence of two years.

[1] Defendant Shine assigns as error the denial of his motion to suppress the consent to search form bearing his signature. Defendant Shine argues that the form should have been suppressed because he was not advised of his rights to remain silent and to have counsel before he was asked to sign the form. At trial, a *voir dire* hearing was held on defendant Shine's motion, during which the officers testified that prior to the signing of the consent form, they never told defendants they were under arrest; that no interrogations occurred; that the officers never indicated that defendant Shine was not free to leave the premises; and that once defendant Shine refused the officers' initial request to search the room, no further action was taken by the officers until defendant Shine voluntarily consented to the search. Following the *voir dire* hearing, the trial court found that during the period the officers were in the motel room, defendants were free to leave and were never told they could not do so. The court found that none of the defendants were in custody on the occasion in question and therefore none of their rights under *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694 (1966) were violated. We hold there was competent evidence to support the court's findings, and the trial court did not err in denying defendant Shine's motion to suppress.

[2] Defendants Shine and Brown argue that the admission of the consent to search form bearing their signatures was prejudicial error because it created an impermissible inference that they controlled

the room and, by association, the cocaine and drug paraphernalia found therein. We disagree. The consent to search form was relevant evidence on the issue of defendants Shine and Brown's control of the premises. *See* N.C. Gen. Stat. § 8C, Rule 401 (1992) ("relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"). Assuming *arguendo* that admission of the consent to search form may have been prejudicial to defendants Shine and Brown, our rules of evidence do not require the exclusion of *all* prejudicial evidence; rather, evidence must be excluded only when its probative value is outweighed by the danger of *unfair* prejudice. N.C. Gen. Stat. § 8C, Rule 403 (1992); *see also State v. Mercer*, 317 N.C. 87, 93-94, 343 S.E.2d 885, 889 (1986) ("Necessarily, evidence which is probative in the State's case will have a prejudicial effect on the defendant; the question, then, is one of degree."). Under the circumstances of the present case, we cannot conclude that admission of the consent to search form unfairly prejudiced defendants Shine and Brown.

**[3]** Finally, all three defendants argue that the trial court erred in denying their motions to dismiss the charges for insufficiency of the evidence. A motion to dismiss for insufficiency of the evidence requires the trial court to decide as a matter of law whether the State has offered substantial evidence of defendant's guilt on every essential element of the crime charged. *State v. Corbett and State v. Rhone*, 307 N.C. 169, 182, 297 S.E.2d 553, 562 (1982). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 182-83, 297 S.E.2d at 562. In ruling on the motion, the trial court must view the evidence in the light most favorable to the State, giving the State every reasonable inference of fact arising from the evidence. *State v. Hutchins*, 303 N.C. 321, 344, 279 S.E.2d 788, 803 (1981).

Defendants were charged with possession of a controlled substance and possession of drug paraphernalia. Possession may be either actual or constructive. *State v. Thorpe*, 326 N.C. 451, 454, 390 S.E.2d 311, 313 (1990). A person lacking actual physical possession may be deemed to have constructive possession of a controlled substance if he has the intent and capability to maintain control and dominion over the substance. *State v. Baize*, 71 N.C. App. 521, 529, 323 S.E.2d 36, 41 (1984), *review denied,* 313 N.C. 174, 326 S.E.2d 34 (1985). Where controlled substances are found on a premises under a defendant's exclusive control, this fact alone may be sufficient to give

rise to an inference of constructive possession and to take the case to the jury. *State v. McLaurin*, 320 N.C. 143, 146, 357 S.E.2d 636, 638 (1987). However, where, as here, possession of the premises is not exclusive, constructive possession may not be inferred without evidence of other incriminating circumstances. *Id.* The State argues that it presented sufficient evidence of other incriminating circumstances as to each defendant to warrant submission of the charges to the jury on the theory of constructive possession. We agree.

The State's evidence showed that defendant Miller was the first to respond to Officer Hart's knocks on the door by looking out the window of the motel room, asking who was at the door, and ultimately opening the door to allow the officers inside the room. From this evidence, a jury could infer that defendant Miller was attempting to delay the officers' entry into the room in order to give the other defendants time to hide the cocaine and drug paraphernalia in the bathroom. Upon the officers' entry into the room, defendants Shine and Brown were observed leaving the bathroom where the cocaine and drug paraphernalia were later found. Defendant Shine then refused Officer Hart's request to search the room and inquired whether the officers had a search warrant. Later, defendant Shine spontaneously offered to let the officers search the room. Once the officers prepared the consent to search form, defendants Shine and Brown voluntarily signed the form, while defendant Miller refused to do so. The activities of the defendants within the confines of a motel room with an adjoining bathroom where cocaine and drug paraphernalia were found constitute sufficient other incriminating circumstances to support a conclusion that each defendant had the ability, alone or with others, to exercise control over the cocaine and the drug paraphernalia. *See State v. Davis*, 325 N.C. 693, 386 S.E.2d 187 (1989) (although defendant did not have exclusive possession of the mobile home where drugs were found, his presence in the home during the search, and the fact that drugs were found in the chair defendant had occupied, on the table beside the chair, and in defendant's pockets, constituted other incriminating circumstances necessary to establish constructive possession); *see also State v. Autry*, 101 N.C. App. 245, 399 S.E.2d 357 (1991) (where defendant was standing in a small room near a table containing four small packages of cocaine, and defendant claimed ownership of two other items on the table, a reasonable mind could infer that defendant had the intent to control the cocaine, and constructive possession was established). Therefore, submission of the charges to the jury on the theory of con-

structive possession was appropriate, and the trial court did not err in denying defendants' motions to dismiss. In the judgment of the trial court we find

No error.

Judges LEWIS and MARTIN, MARK D. concur.