NO. COA13-933

NORTH CAROLINA COURT OF APPEALS

Filed: 3 June 2014

STATE OF NORTH CAROLINA

v.                                    Durham County
                                      No. 11CRS061001
PIERCE MCCOY,
    Defendant.


Appeal by defendant from judgment entered on or about 19 February 2013 by Judge R. Allen Baddour in Superior Court, Durham County. Heard in the Court of Appeals 23 January 2014.


*Attorney General Roy A. Cooper, III, by Special Deputy Attorney General Melody Hairston, for the State.*

*Anne Bleyman, for defendant-appellant.*


STROUD, Judge.


Defendant appeals judgment convicting him of possession of firearm by felon. For the following reasons, we find no error.

## I.   Background

Defendant was charged with possession of a firearm by a felon based upon an investigation conducted by Officer Charles Britt of the fraud unit of the Durham Police Department Investigations Bureau. Officer Britt testified that he "download[s] pawn [shop] files every morning and check[s] for

stolen property[.]" "[A]t the end of every month [Officer Britt] run[s] all firearms that are pawned at the pawn shops in Durham. Then [Officer Britt] check[s] to see if either persons that have sold or pawned firearms are convicted felons." In 2011, Officer Britt picked up a buy transaction ("buy ticket")[1] for a firearm which listed defendant's name and date of birth. Defendant had previously been convicted of a felony. At defendant's trial the State admitted exhibits, including the buy ticket, a DVD, and an affidavit of indigency ("affidavit"). A jury found defendant guilty of possession of a firearm by a felon, and the trial court entered judgment upon the conviction. Defendant appeals.

## II. Defendant's Signature

Defendant first contends that "the trial court committed error or plain error in allowing the signature on the affidavit to be compared to the signature on the buy ticket where the signatures on the documents were not sufficiently authenticated nor ruled to be sufficiently similar to each other in violation

---

[1] The "buy transaction" is actually a piece of paper signed by the individual selling property to the pawn shop. It is documentary evidence that the individual is selling property to the pawn shop. The director of operations of the pawn shop testified that "[a] buy transaction and a pawn transaction are two different things. . . . A pawn is when you're actually leaving your merchandise in exchange for money for an extended period of time; 30 days. A buy transaction, you're literally relinquishing your rights to the merchandise immediately[.]"

of . . . [defendant's] rights." (Original in all caps.) Defendant's arguments are based upon the comparison of his signature on the buy ticket and his affidavit; defendant claims that each signature required authentication by either an expert in handwriting analysis or by a witness who was familiar with his handwriting based upon knowledge gained outside of this case in order for the jury to be able to compare them. Defendant is correct that no witness testified who could identify the signatures as an expert or based upon familiarity with defendant's signature outside of the case, but we disagree with defendant that such testimony was necessary.

A.   Affidavit of Indigency

The State's last witness was "a Deputy Clerk with the Durham County Superior Criminal Division." Through the Deputy Clerk the State admitted "a certified, true copy" of the affidavit which was signed by defendant and had his date of birth on it. The affidavit was "SWORN/AFFIRMED AND SUBSCRIBED TO BEFORE" a Deputy Clerk of Superior Clerk who also signed the document, which is a self-authenticating document pursuant to North Carolina General Statute § 8C-1, Rule 902, and thus the affidavit did not need to be authenticated pursuant to Rule 901. *See* N.C. Gen. Stat. § 8C-1, Rules 901 and 902 (2011). As such,

the trial court did not err in admitting the affidavit without consideration of North Carolina General Statute § 8C-1, Rule 901.

B.    Comparison of Defendant's Signature

> In determining the authenticity of a document, it is a well-settled evidentiary principle that a jury may compare a known sample of a person's handwriting with the handwriting on a contested document without the aid of either expert or lay testimony. However, before handwritings may be submitted to a jury for its comparison, the trial court must satisfy itself that there is enough similarity between the genuine handwriting and the disputed handwriting, such that the jury could reasonably infer that the disputed handwriting is also genuine.

*State v. Owen*, 130 N.C. App. 505, 509, 503 S.E.2d 426, 429 (1998) (citations and quotation marks omitted) (citing *State v. LeDuc*, 306 N.C. 62, 291 S.E.2d 607 (1982)), *disc. review denied and appeal dismissed*, 349 N.C. 372, 525 S.E.2d 187-88 (1998).

In *State v. LeDuc*, the case cited in *Owen*, *id.*, the Supreme Court noted that the "preliminary determinations[,]" both of whether one of the handwritings was genuine and whether the genuine and disputed handwritings were similar, were to be made by the trial court.  306 N.C. 62, 74, 291 S.E.2d 607, 614 (1982), *overruled on other grounds*, *State v. Childress,* 321 N.C. 226, 362 S.E.2d 263 (1987).  Yet the Court also stated that

"[b]oth of these preliminary determinations by the trial judge are questions of law fully reviewable on appeal." *Id.* Thus in *LeDuc*, this Court itself made "these preliminary determinations[.]" *Id.* ("In the instant case, the samples shown to the jury for comparison with the disputed charter were given by the defendant himself. Having examined these samples with the disputed signature on the charter, we are satisfied that there is enough similarity between them for the documents to have been submitted to the jury for its comparison.") In *Owen*, this Court noted that both the trial court and this Court itself had compared the genuine and disputed handwritings. *See Owen,* 130 N.C. App. at 509, 503 S.E.2d at 429-30.

Thus, we must review the evidence to determine if there was "enough similarity between them for the documents to have been submitted to the jury for its comparison." *LeDuc*, 306 N.C. at 74, 291 S.E.2d at 614. The "known sample" of the signature, found on defendant's self-authenticating affidavit, *see* N.C. Gen. Stat. § 8C-1, Rule 902, shows the signature of "Pierce E. McKoy[.]"[2] Notable about the signature on the affidavit is the inclusion of the middle initial followed by a period and that

---

[2] We note that the judgment and documents in the record spell defendant's name McCoy with a "c" rather than a "k" as in McKoy.

the "c" in "McKoy" is underscored with a zigzag line. On the buy ticket which has the disputed signature, the signature is also by "Pierce E. McKoy[,] including the middle initial followed by a period, and the "c" in "McKoy" underscored by a zigzag line. In fact, all of the letters are formed in essentially the same way and the signatures are nearly identical. We are "satisfied that there is enough similarity between the genuine handwriting and the disputed handwriting, that the jury could reasonably infer that the disputed handwriting is also genuine[.]" *LeDuc*, 306 N.C. at 74, 291 S.E.2d at 614. Thus, the buy ticket with the disputed signature was properly admitted, and the jury was free to compare the signature on it with the signature on the self-authenticating affidavit. *See id.* Accordingly, this argument is overruled.

## III. Motion to Dismiss

Defendant next contends that the trial court erred in denying his motion to dismiss. Defendant argues that the State failed to present sufficient evidence that he either actually or constructively possessed the gun which was sold to the pawn shop.

> The standard of review for a motion to dismiss is well known. A defendant's motion to dismiss should be denied if there is substantial evidence of: (1) each essential

> element of the offense charged, and (2) of defendant's being the perpetrator of the charged offense. Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. The Court must consider the evidence in the light most favorable to the State and the State is entitled to every reasonable inference to be drawn from that evidence. Contradictions and discrepancies do not warrant dismissal of the case but are for the jury to resolve.

*State v. Teague*, 216 N.C. App. 100, 105, 715 S.E.2d 919, 923 (2011) (citation omitted), *disc. rev. denied and appeal dismissed*, 365 N.C. 547, 720 S.E.2d 684 (2012).

> There are two elements to possession of a firearm by a felon: (1) defendant was previously convicted of a felony; and (2) thereafter possessed a firearm. It is uncontested that defendant had been convicted of a felony prior to the date in question. Therefore, the only element we must consider is possession.
>> Possession of any item may be actual or constructive. Actual possession requires that a party have physical or personal custody of the item. A person has constructive possession of an item when the item is not in his physical custody, but he nonetheless has the power and intent to control its disposition.

*State v. Mitchell*, ___ N.C. App. ___, ___, 735 S.E.2d 438, 442-43 (2012) (citations and quotation marks omitted).

Here, as in *Mitchell*, defendant does not contest that he has previously been convicted of a felony, so possession is the only element at issue on appeal. *See id.* at ___, 735 S.E.2d at 443. Taken in a light most favorable to the State, *see Teague*, 216 N.C. App. at 105, 715 S.E.2d at 923, the State presented a DVD showing a man consistent with defendant's appearance placing a gun on the pawn shop counter. The State's evidence also included a buy ticket with both defendant's name and date of birth on it along with defendant's affidavit uncontestably signed by defendant. A director of operations for the pawn shop explained that the individual signing the buy ticket at issue here is "literally relinquishing [his] rights to the merchandise immediately[,]" in this case the gun. As discussed above, the jury could find based upon comparison of the signatures on the affidavit and the buy ticket that the same person signed both of them, meaning that the person who placed the gun on the counter of the pawn shop, sold the gun to the pawn shop, and filled out the buy ticket, was the defendant. This evidence would permit the jury to find that the defendant actually possessed the gun when he brought it to the pawn shop to sell it. This was substantial evidence upon which to deny defendant's motion to dismiss, *see Mitchell*, ___ N.C. App. at___, 735 S.E.2d at 443;

*Teague*, 216 N.C. App. at 105, 715 S.E.2d at 923, and therefore overrule this argument.

## IV. Jury Instructions

Before defendant's trial he stipulated in writing as to his prior felony conviction. When the trial court was instructing the jury it stated,

> [O]n February 10th, 2000, in Durham County Superior Court, the defendant pled guilty to the felony of possession of a firearm by a felon that was committed on July 2nd, 1999, in violation of the laws of the State of North Carolina. The defendant and the State have stipulated to this prior conviction. So, for purposes of . . . this trial you are to find this element to be proved beyond a reasonable doubt." Defendant contends it was error for the trial court to instruct the jury in this manner, and the State agrees.

Defendant failed to object at trial, but now contends it was plain error for the trial court to inform the jury he had previously been convicted of the crime possession of a firearm by a felon. In light of the evidence as noted above, we are not convinced that the trial court's statement that defendant had previously been convicted of the same crime "had a probable impact on the jury's finding that the defendant was guilty." *See Lawrence*, 365 N.C. at 518, 723 S.E.2d at 334. Accordingly, we overrule this argument.

V. Conclusion

For the foregoing reasons, we find no error.

NO ERROR.

Judges HUNTER, JR., Robert N. and DILLON concur.