DILLON, Judge.
Defendant Brian Keith Robinson appeals a judgment finding him guilty of possession of a firearm by a felon and being a habitual felon. After careful review, we affirm.
I. Background
Defendant was indicted for possession of a firearm by a felon and for attaining habitual felon status. A jury trial was held in Mecklenburg County Superior Court for these charges. The evidence at trial tended to show as follows:
In July 2016, two police officers went to Defendant's residence to serve an outstanding domestic warrant on him. Upon arriving at Defendant's home, the officers noticed three or four spent shell casings as well as plastic bags typically used to hold drugs in the driveway and yard. The officers knocked on the door, and Defendant asked who was there. When the officers told Defendant it was the police, they heard a loud noise, which the officers opined sounded like something metal or glass hitting the floor.
Defendant opened the door to the officers, but refused to permit them entry into his residence. The officers obtained and executed a search warrant for Defendant's home. During the search, officers found ammunition, an envelope addressed to Defendant with ammunition inside, and a nine millimeter handgun. Possession of this firearm and ammunition was in violation of a Domestic Violence Protective Order (DVPO) entered the month before.
Based on the foregoing, the jury found Defendant guilty as charged, and Defendant pleaded guilty to attaining habitual felon status.
Defendant timely appealed.
II. Analysis
Defendant makes two arguments on appeal which we address in turn.
A. Motion to Dismiss
Defendant first argues that the trial court erred in denying his motion to dismiss the charge of possession of a firearm by a felon. Defendant's motion to dismiss was based on insufficiency of the evidence.
When ruling on a motion to dismiss based on insufficiency of the evidence, the trial court determines whether there is "substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense." State v. Powell , 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." State v. Smith , 300 N.C. 71, 78, 265 S.E.2d 164, 169 (1980). We review a trial court's ruling on a motion to dismiss de novo . See State v. McKinnon , 306 N.C. 288, 298, 293 S.E.2d 118, 125 (1982).
The essential elements of possession of a firearm by a felon are: (1) be "any person who has been convicted of a felony" and (2) "purchase, own, possess, or have in his custody, care, or control any firearm or any weapon of mass death and destruction[.]" N.C. Gen. Stat. § 14-415.1(a) (2016).
In the present case, Defendant stipulated that he had been convicted of a felony in July 2016. Thus, the first element is satisfied. However, Defendant contends that the State did not put on evidence sufficient to prove that he was in possession of the firearm found in his residence. We disagree.
Possession of a firearm may be actual or constructive. See State v. Harvey , 281 N.C. 1, 12, 187 S.E.2d 706, 714 (1972). One has actual possession of an item when it is in his physical or personal custody. State v. Alston , 131 N.C. App. 514, 519, 508 S.E.2d 315, 318 (1998). One has constructive possession of an item when it is not in his custody but "he has both the power and intent to control its disposition or use." Harvey , 187 S.E.2d at 12, 187 S.E.2d at 714. Whether one has constructive possession of an item is determined by the totality of the circumstances. See State v. Butler , 356 N.C. 141, 146, 567 S.E.2d 137, 140 (2002) ; see also State v. McLaurin , 320 N.C. 143, 146-47, 357 S.E.2d 636, 638-39 (1987) (finding that defendant was not in constructive possession of paraphernalia found in her kitchen, living room, and bedroom because defendant did not live in the residence alone and other people were seen entering and exiting the residence); see also State v. Baxter , 285 N.C. 735, 737-38, 208 S.E.2d 696, 697-98 (1974) (finding that defendant was in constructive possession of drugs found in a dresser drawer and in a man's coat in his bedroom even though he was not present).
In arguing that there was insufficient evidence of his possession of the firearm found in his residence, Defendant relies on our Supreme Court's decision in McLaurin . However, the present case is clearly distinguishable from McLaurin . In McLaurin , the only evidence of the defendant's constructive possession of paraphernalia was the defendant's occupancy at the residence searched. But there were several factors that tended to show that the defendant did not possess the paraphernalia - the defendant was not in exclusive control of the residence, the defendant was not the sole occupant of the residence, two adult males had just been seen entering and exiting the residence, and the defendant had not been seen at the residence the day of the search. McLaurin , 320 N.C. at 146, 357 S.E.2d at 638.
Here, there was evidence that Defendant was the sole occupant of the home. All clothing in the home appeared to belong to Defendant. Moreover, Defendant was the only recipient of mail at the address in question, one such piece of mail addressed to Defendant included ammunition that matched the firearm found. The firearm was found under an end table in Defendant's living room. Defendant contends that the firearm was his wife's; however, the jury had an opportunity to witness Defendant's multiple claims in the body-camera video and to determine his credibility. See State v. Mullis , 233 N.C. 542, 544, 64 S.E.2d 656, 657 (1951) ("Here, the demeanor of the witness, as is always the case, was in evidence."). Further, the evidence showed that Defendant's wife had taken out a DVPO against him, preventing "[D]efendant-initiated contact with [wife]" and other specific conduct. The DVPO made it less likely that wife was residing in or had recently visited the home at the time the firearm was found. This evidence, taken in the light most favorable to the State, sufficiently supports the conclusion that Defendant was in constructive possession of the firearm. Thus, the trial court did not err in denying Defendant's motion to dismiss.
B. Evidence of DVPO
Defendant next argues that the trial court erred in admitting the DVPO into evidence over his objection. Defendant bases his argument on the contention that the DVPO was irrelevant pursuant to Rules of Evidence 401 and 402. N.C. Gen. Stat. § 8C-1, Rule 401 (2018) ; N.C. Gen. Stat. § 8C-1, Rule 402 (2018).
Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C. Gen. Stat. § 8C-1, Rule 401 (2018). The standard set forth in Rule 401"gives the [trial court] great freedom to admit evidence because the rule makes evidence relevant if it has any logical tendency to prove any fact that is of consequence." State v. Wallace , 104 N.C. App. 498, 502, 410 S.E.2d 226, 228 (1991). "Thus, even though a trial court's rulings on relevancy technically are not discretionary and therefore are not reviewed under the abuse of discretion standard ... such rulings are given great deference on appeal." Id.
Here, the State entered the DVPO into evidence for the purpose of showing Defendant's knowledge of the firearm's existence and the prohibition of his possession. The DVPO also has a tendency to rebut Defendant's position that the firearm was his wife's as it made it less likely that she was residing in or had recently been at his home. Even assuming arguendo that the DVPO was irrelevant for the purposes attributed to it by the State, such error was harmless. State v. Gappins , 320 N.C. 64, 68, 357 S.E.2d 654, 657 (1987) ("The admission of evidence which is technically inadmissible will be treated as harmless unless prejudice is shown that a different result likely would have ensued had the evidence been excluded."). The State sufficiently put on evidence that Defendant had been convicted of a felony and that he constructively possessed a firearm. Therefore, even in the absence of the DVPO's admission into evidence, it is not likely that a different verdict would have been reached.
III. Conclusion
The trial court did not err in denying Defendant's motion to dismiss as the State put on sufficient evidence to prove that he, a convicted felon, possessed a firearm. Moreover, even assuming that the DVPO was irrelevant, it was not prejudicial for the trial court to admit the DVPO into evidence; any such error was harmless.
AFFIRMED.
Report per Rule 30(e).
Judges MURPHY and ARROWOOD concur.