IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-889

Filed 18 June 2024

Rutherford County, Nos. 20CRS52578 21CRS161

STATE OF NORTH CAROLINA

v.

TERRY WAYNE NORRIS, JR.

Appeal by defendant from judgment entered 1 August 2022 by Judge Jacqueline D. Grant in Rutherford County Superior Court. Heard in the Court of Appeals 29 May 2024.

*Attorney General Joshua H. Stein, by Special Deputy Attorney General Joshua Abram, for the State.*

*MK Mann Law, by Mikayla Mann, for the defendant-appellant.*

TYSON, Judge.

Terry Wayne Norris, Jr., ("Defendant") appeals from judgment entered upon a jury's conviction of possession of a firearm by a felon. We reverse the trial court's denial of Defendant's motion to dismiss and remand to the trial court to enter an order of dismissal.

## I. Background

Law enforcement officers approached a residence located at 124 Hamilton Street in Forest City ("Hamilton Street") on 11 July 2020 to execute an arrest warrant

on Defendant for another charge, which is not the subject of this appeal and was subsequently dismissed. Ms. Ledford, Defendant's girlfriend, and her two children reside at Hamilton Street. Whether Defendant also resides at Hamilton Street and has constructive possession of the contents therein is at issue.

Hamilton Street was understood by the officers to be the primary location where Defendant might be found. The mailbox contained the word "Norris," Defendant's last name. When the officers approached Hamilton Street, they observed Defendant enter the home. After a brief but unspecified amount of time, Defendant returned to the porch, where he was arrested. The officers requested and obtained consent from Ms. Ledford to search the home without a warrant.

During the search, the officers found a handgun purportedly owned by Ms. Ledford. The handgun was found inside a dresser drawer containing Ms. Ledford's personal items, such as lotion, hairspray, and other feminine products. The drawer was located in a bedroom dresser.

The State argues Ms. Ledford and Defendant are co-occupants of the bedroom, while Ms. Ledford and Defendant argue the bedroom was solely occupied by Ms. Ledford and her children. The bedroom possessed pink décor, pocketbooks, and other general items and clutter that suggested the occupant was female. Officers found a mix of male and female clothing in the closet. Officers additionally found a non-descript piece of paper purportedly with Defendant's name in a tote bag located inside the bedroom closet. The paper does not appear in the record. Neither officer provided

additional specificity on the nature of the paper that purportedly listed Defendant's name when questioned.

Defendant, a convicted felon, was charged with possession of a firearm by a felon. At the close of the State's evidence, Defendant moved to dismiss the charge for insufficiency of the evidence. The trial court denied the motion. Defendant presented evidence and renewed his motion to dismiss at the close of all the evidence, which was again denied.

Evidence at trial focused on constructive rather than actual possession, as Defendant was never seen in physical possession of the handgun. The trial court, after review by Defendant and with no objections, provided jury instructions including theories for both actual and constructive possession. The jury found Defendant guilty of possession of a firearm by a felon, and the trial judge sentenced him to an active term of 75 to 102 months imprisonment.

## II.    Jurisdiction

This Court possesses jurisdiction to review a final judgment entered in a criminal case pursuant to N.C. Gen. Stat. §§ 7A-27(b), 15A-1444(a) (2023).

## III.    Issues

Defendant argues the trial court erred by denying his motions to dismiss. He asserts the State proffered insufficient evidence to establish his constructive possession of the firearm. Defendant additionally argues the trial court committed plain error by providing jury instructions including actual possession and

constructive possession.

## IV. Sufficiency of the Evidence

### A. Standard of Review

A trial court's denial of a motion to dismiss is reviewed *de novo*. *State v. Bagley*, 183 N.C. App. 514, 523, 644 S.E.2d 615, 621 (2007) (citation omitted). "Under a *de novo* review, th[is] [C]ourt considers the matter anew and freely substitutes its own [judgment] for that of the lower tribunal." *State v. Biber*, 365 N.C. 162, 168, 712 S.E.2d 874, 878 (2011) (citation omitted).

### B. Analysis

A trial court properly denies a motion to dismiss "if there is substantial evidence (1) of each element of the offence charged . . . and (2) of [the] defendant[ ] being the perpetrator of such offense. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Gallion*, 282 N.C. App. 305, 334-35, 870 S.E.2d 681, 702 (2022) (citation omitted).

When determining whether substantial evidence exists, the court examines all evidence in the light most favorable to the State, allowing the State every reasonable inference thereon. *State v. Crockett*, 368 N.C. 717, 720, 782 S.E.2d 878, 881 (2016) (citation omitted). "Only defendant's evidence which does not contradict and is not inconsistent with the [S]tate's evidence may be considered favorable to [the] defendant if it explains or clarifies the [S]tate's evidence or rebuts inferences favorable to the [S]tate." *State v. Sharpe*, 289 N.C. App. 84, 87, 887 S.E.2d 116, 119

(2023) (quoting *State v. Sumpter*, 318 N.C. 102, 107-08, 347 S.E.2d 396, 399 (1986)). "Evidence is not substantial if it arouses only a suspicion about the facts . . . , even if the suspicion is strong." *Sumpter,* 318 N.C. at 108, 347 S.E.2d at 399 (citation omitted). *See also State v. Blizzard*, 280 N.C. 11, 16, 184 S.E.2d 851, 854 (1971) (explaining evidence only raising a suspicion of guilt is insufficient).

### 1. *Possession of a Firearm by a Felon.*

Defendant was charged with possession of a firearm by a felon. "There are two elements to possession of a firearm by a felon: (1) [the] defendant was previously convicted of a felony and (2) thereafter possessed a firearm." *State v. McCoy*, 234 N.C. App. 268, 272, 759 S.E.2d 330, 334 (2014); N.C. Gen. Stat. § 14-415.1(a) (2023). Defendant does not contest his status as a felon, and the State's theory of his possession rests solely upon constructive possession.

Constructive possession is established when an item is not under the defendant's physical custody, but he has knowledge of the item alongside the power and intent to control the item. *State v. Taylor*, 203 N.C. App. 448, 459, 691 S.E.2d 755, 764 (2010). A court's determination of constructive possession rests on the totality of the circumstances. *State v. Glasco*, 160 N.C. App. 150, 157, 585 S.E.2d 257, 262 (2003).

If an item was found in a location where the Defendant had exclusive control, an inference of knowledge, power, and intent to control exists and "may be sufficient" to support denial of a motion to dismiss. *State v. Harvey*, 281 N.C. 1, 12, 187 S.E.2d

706, 714 (1972). "When the defendant does not have exclusive possession of the location where the firearm is found, the State is required to show other incriminating circumstances in order to establish constructive possession." *Taylor*, 203 N.C. App. at 459, 691 S.E.2d at 764 (citing *State v. Young*, 190 N.C. App. 458, 461, 660 S.E.2d 574, 577 (2008)).

A determination of whether other sufficient incriminating circumstances exist is fact intensive, but the evidence must exceed speculation and provide circumstances linking the contraband specifically to the Defendant. *See State v. McLaurin*, 320 N.C. 143, 147, 357 S.E.2d 636, 638-39 (1987) (holding the State failed to link drug paraphernalia to defendant in a home where she exercised nonexclusive control).

### 2. State v. Rich

The circumstances specifically linking the contraband to Defendant must only be substantial, rather than explicit. *See State v. Rich*, 87 N.C. App. 380, 382-83, 361 S.E.2d 321, 323 (1987). For example, in *Rich*, a defendant, who had previously been seen occupying a home, was found cooking dinner in the home when agents arrived. *Id.* at 382, 361 S.E.2d at 323. Mail addressed to the defendant was found, which included an insurance policy, listing the home as her residence. *Id.* Women's casual clothes and undergarments were found both in the bedroom and the dresser where the cocaine was found. *Id.* Additional letters were found in the bedroom addressed to the defendant. *Id.*

This Court concluded the defendant had non-exclusive control over the home

and there was "sufficient [evidence] to allow the jury to infer th[e] defendant was in constructive possession of the cocaine." *Id.* at 382-83, 361 S.E.2d at 323. This Court rested its conclusion about the presence of other sufficient circumstances on the cumulative evidence presented: the defendant's presence in the same home as the cocaine; the cocaine being found among a women's personal affects; and, letters addressed to the defendant being found in the same room. *Id.*

### 3. *State v. McLaurin*

Slight changes in the facts lead to different results. In *State v. McLaurin*, a female defendant was not home but the State provided ample evidence showing her level of nonexclusive control over a property. 320 N.C. at 146, 357 S.E.2d at 638. When searching the home, officers found several pieces of drug paraphernalia throughout the home, including a plastic baggy with traces of cocaine on a bar between the living room and dining room and further evidence inside a men's jacket and underneath the home. *Id.* Further evidence was found in a child's bedroom within a drawer full of children's clothing. *Id.* Our Supreme Court concluded insufficient evidence linked the contraband specifically to the defendant to sustain a conclusion of constructive possession. *Id.* at 147, 357 S.E.2d at 638-39.

The court reasoned the presence of the paraphernalia in adult male and children clothing indicated the defendant held nonexclusive control, and the State had presented no further evidence to establish the defendant as having specific control over the items. *Id.* at 146, 357 S.E.2d at 638.

As noted above, when an item is found in an area where a defendant has nonexclusive control, the State must show other substantial incriminating circumstances linking the item to the defendant, to the extent a reasonable mind might accept the defendant possessed the item. *Compare Rich*, 87 N.C. App. at 382-83, 361 S.E.2d at 323 *with McLarin*, 320 N.C. at 146-47, 357 S.E.2d at 638-39. For example, a link must exist between the item itself or the location where the item was found, such as a bedroom or wardrobe, to the defendant. *Id.*

Here, presuming *arguendo* Defendant shared nonexclusive control over the premises, the State failed to present such other incriminating circumstances to substantially link Defendant with the gun, to the bedroom, or to the dresser drawer where the gun was found along with the other items therein. The State's argument rests upon four pieces of information: (1) Defendant was found at the home at the same time as the gun; (2) the mailbox listed Defendant's last name; (3) a non-descript and unspecified piece of paper was found inside a tote bag inside the bedroom with Defendant's name somewhere on it; and, (4) there were both male and female clothes in the closet where the paper was found. These facts must be considered in totality with all others and not in isolation. *See Sharpe*, 289 N.C. App. at 87, 887 S.E.2d at 119.

The bedroom where the gun was found was decorated and contained numerous items that heavily suggested a female occupant, and the gun was found inside a closed drawer containing only feminine products. Ms. Ledford claimed the handgun

belonged to her. When the officers requested of Ms. Ledford to search the home without a warrant, she, not Defendant, gave them her permission. She also testified the home was rented to her.

Unlike in *Rich*, the contraband was not found in a closed drawer with items that coincide with Defendant's sex. *Rich*, 87 N.C. App. at 382-83, 361 S.E.2d at 323. The drawer the gun was found in contained solely female items. The décor and items in the bedroom itself alongside the contents of the closed drawer all heavily refute any inference Defendant was more than an occasional occupant of the bedroom. While the agents in *Rich* found letters addressed to the defendant, including an insurance policy listing defendant as the resident, the only comparable evidence is a non-descript and unspecified piece of paper that had Defendant's name somewhere on it, and that paper is not in the record. *Id*. Without further specificity of the significance attached to such paper, it is purely speculation rather than an inference that the contents of the closed drawer belong to or were under the control of Defendant.

Similar to the paper, Ms. Ledford testified Defendant's last name was listed on the mailbox because his deceased daughter, whose last name was also "Norris," lived with Ms. Ledford for many years. Ms. Ledford testified she was "real good friends growing up [and] all through school" with the biological mother of Defendant's daughter. Defendant's daughter lived with Ms. Ledford before Ms. Ledford began seeing Defendant. Ms. Ledford testified Defendant's daughter had asked for her last

name to be listed on the mailbox. The totality of the evidence does not support a conclusion of constructive possession of the gun by Defendant. *See Sumpter,* 318 N.C. at 108, 347 S.E.2d at 399.

Defendant's presence outside of the home at the time of the permissive search does not establish a substantial link between Defendant and the weapon or the bedroom drawer where the weapon was found. *See State v. James*, 81 N.C. App. 91, 96, 344 S.E.2d 77, 81 (1986) (holding mere presence in the same room where drugs were found was insufficient to support an inference of constructive possession).

The State proffers another theory asserting Defendant had "stashed" the gun in the closed dresser drawer with Ms. Ledford's personal items during the short period he was not being observed by the officers. However, the State offers no evidence tending to show Defendant's actions beyond his entering the home. Any conclusions concerning Defendant's purported actions cannot be inferred from his simple entry into and exit onto the porch of the home. The State's theory regarding Defendant's purported actions during that period constitutes speculation rather than inference and does not support a conclusion of substantial evidence. *See Sumpter,* 318 N.C. at 108, 347 S.E.2d at 399. Nothing regarding ownership, registration, fingerprints, DNA, nor any other evidence ties Defendant to the gun, which Ms. Ledford asserted belonged to her, was located inside a closed drawer, was found with her other property, and was found in a closed drawer in her bedroom located inside the home she rents.

The State has failed to provide sufficient evidence of a link between constructive possession or ownership of the gun, how or where the gun was discovered, or what possessions the gun was discovered with, to allow a reasonable mind to accept as adequate to support a conclusion of Defendant's constructive possession. As the State has failed to carry its burden of production sufficient to survive preserved motions to dismiss, it is unnecessary to examine whether the trial court committed plain error by introducing jury instructions including actual possession alongside with constructive possession.

## V.    Conclusion

Considering all evidence in the light most favorable to the State, including any reasonable inferences thereon, and only considering Defendant's evidence which does not contradict and is not inconsistent with the State's evidence beyond refuting favorable inferences, the State has failed to carry their required burden to survive a motion to dismiss. The trial court erred by denying Defendant's motion to dismiss for insufficiency of the evidence. We reverse the trial court's denial of Defendant's motion to dismiss and remand for entry of an order of dismissal. *It is so ordered.*

REVERSED AND REMANDED.

Judges MURPHY and CARPENTER concur.